[*444]   \*IN THE MATTER OF THE PETITION OF SYLVANUS MILLER
                *v.* THE RECEIVER OF THE FRANKLIN BANK.

Demands, in reference to off-set, are considered due to and from the same persons, in the same right where the plaintiff may sue and the defendant be sued in their own names, without specifying any representative character, and where the party to the suit has a lien upon, or a legal right to the application of the fund when collected.

The public administrator of the city of New York is entitled to off-set against a debt due from him to a bank, a demand for deposits in the bank whether made in his own name or as public administrator, and also the bills of the institution in his hands.

March 3d.          THE petitioner stated that he was public administrator of the city of New York; that he had an account in the Franklin Bank, as public administrator; that he always had an interest personally in the moneys deposited to his credit in that account, and frequently, for convenience and safety, deposited money to that account which did not belong to him as public administrator; that on the morning on which the bank stopped payment, he drew out from the bank, on his account as public administrator, $1,150 in bills, which he had in his hands at the time the injunction was served, leaving a considerable sum still due to him on

that account with the bank.   At the same time the bank
had a demand against the petitioner, which was secured
upon real estate; that he was willing to pay the balance
due from him, after deducting the balance due to him on
the account, and the bills which he then held; and that
the receiver had consented to refer the question as to his
right of off-set to the decision of the court.   The receiver
put in an answer to the petition on oath, in which the ma-
terial allegations in the petition were admitted, and sub-
mitted the whole subject to the decision and direction of
the Chancellor.

*J. Platt* for the petitioner.

*S. A. Foot* and *W. Kent* for the receiver

*THE CHANCELLOR :—The legal and equitable rights of [*445]
the petitioner remain as they did at the time the injunction
was served on the officers of the bank.   No payments which
he has made as public administrator out of his own moneys
since that time can give him the right of set-off; and if such
right then existed, it was not divested by the appointment
of the receiver.   The question then arises, whether the bills
of the bank in his hands, and the moneys deposited to his
credit as public administrator, at the time the bank stopped
payment, could have been off set either at law or in equity,
against the demand due the bank, if it had continued to do
business.
It is undoubtedly a general rule that demands to be off
set at law, must be due to or from the same persons, and in
the same right.   But they are considered due in the same
right where the plaintiff may sue, and the defendant may be
sued, in their own names, without setting out or specifying
any representative character, and where the party to the
suit has a lien upon, or a legal right to the application or
distribution of the fund when collected.   Thus, a surviving
partner is, in equity, only a trustee for himself and the re-

presentatives of the deceased partner. Yet he may sue or be sued in his own name, and debts due to or from him in his own right may be off set against debts due to or from him as surviving partner. (*Slipper* v. *Stidstone*, 5 Durnf. & East, 493; *French* v. *Andrade*, 6 id. 582.) And in *Shipman* v. *Thompson*, (Willes' Rep. 103,) it was held, that an executrix might recover in her own name for moneys received to her use as executrix.

But this is a much stronger case. The petitioner does not administer by virtue of his office as public administrator, but by virtue of a regular letter granted to him as administrator of the estate in each particular case. He cannot sue or be sued as public administrator; but suits in his representative capacity are brought by or against him as the administrator of the particular estate to which such suit relates. If a suit was brought for this deposit in his name of public administrator, the addition would only be descrip-

[*446]

tive of the person, *but would not alter the rights of either party to the suit. There was no law directing or authorizing the public administrator to deposit moneys in the bank.[1] As between him and the bank, he stands in the same situation that an attorney or solicitor would, who had deposited in the bank for safe keeping the moneys collected for different clients, in one general account, in his name as attorney or solicitor, to be drawn out on his own checks when called for. In neither case could the bank object to pay the money to the depositor, or to allow it to be off set against a demand in favor of the bank, unless they had notice from the persons having an equitable claim thereon not to pay it. Neither would the right of off-set depend upon the question whether the depositor was personally liable, in case of loss by the failure of the bank. It is the duty of the petitioner, whether he is personally liable for the loss or not, to do every thing in his power to protect

[1] A law has since been enacted on this subject. See 2 R. S. (4th ed.) 309, sec. 36.

the rights of those who may be interested in different portions of the moneys deposited; and if he had a legal right of off-set against the debt due from him to the institution, he must stand in the same situation here as he did before the appointment of the receiver. The equities of all creditors of the institution being equal, the legal right must prevail.

I shall therefore direct the receiver to allow the petitioner to set off against the debt due from him to the bank the balance standing to his credit on the books of the institution at the time it stopped payment, either in his own name or as public administrator; and also the bills of the bank held by him at that time, provided the receiver is satisfied the petitioner is still the owner of the certificate given for those bills.

