In the matter of the petition of BENJAMIN B. JONES *vs.* ALANSON ROBINSON, Receiver of the Hollister Bank of Buffalo.

Where a bank, at the time of its failure, was indebted to J. in the sum of $924, which was then due, and J. owed the bank $391.43 upon a note not then due, but which became due in a few days; *Held* that this was a case of *mutual credit,* and that it was the duty of the receiver of the bank, appointed under the act of 1849, (*Laws of* 1849, *ch.* 226,) to apply a sufficient amount of the sum standing to J.'s credit, on the books of the bank, to the payment and satisfaction of the amount owing by J. upon the note.

ROBINSON was appointed receiver of the property of the Hollister Bank of Buffalo, September 2, 1857. At that time B. B. Jones had credited to his account, as a balance of his deposit, the sum of $924. The bank held a note made by Jones and indorsed by Fish, for $391.43, dated March 3, 1857, payable six months after date, at the Hollister Bank of Buffalo. This note had been discounted by the bank, and was held by it at the time the receiver was appointed, and it became due three days after the plaintiff was appointed receiver. Jones had done business with the bank for a long time previous, and in July made a deposit of over $3000. When his discounted notes became due, the course of the bank was to apply any money Jones had in the bank as a deposit, to the payment of such notes. Jones applied to the

receiver to make an application of a sufficient amount of the $924 appearing to his credit, to the payment and satisfaction of the note of $391.43. The receiver declined to do this, and commenced an action in the superior court of the city of Buffalo, against the maker and indorser, to enforce the payment of the note. And Jones now, by his petition, prayed this court to direct the receiver to make such application, and to discontinue the action commenced by him.

*N. A. Hulbert,* for petitioner, Jones.

*S. G. Haven,* for the receiver.

MARVIN, J. Robinson was appointed receiver under the act of 1849, (*Sess. Laws, p.* 340.) The 11th section specifies some of the powers and duties of the receiver. It is declared that he shall possess all the powers of receivers of corporations, under the 3d article of title 4 of chapter 8, part third of the revised statutes, in respect to the settlement of all demands exhibited to him, and in all other respects, except as therein otherwise provided; and all such powers now conferred by law on trustees of insolvent debtors as may be applicable, &c.

On turning to article 3 of the revised statutes, above referred to, it will be seen that the receivers therein mentioned, have all the power and authority conferred by law upon trustees to whom the assignment of the estate of insolvent debtors may be made, pursuant to the provisions of the 5th chapter of the second part of the revised statutes. They are declared to be trustees for the benefit of the creditors of the corporation and its stockholders. (2 *R. S.* 469, §§ 67, 68.) Turn now to the 5th chapter, second part, of the revised statutes, and ascertain the powers of trustees under assignments made by insolvent debtors, &c. It is declared (2 *R. S.* 47, § 36) that when mutual credit has been given by any debtor, and any other person, or mutual debts

have subsisted between such debtor and any other person, the trustees may set off such credits or debts, and pay the proportion or receive the balance due. This provision contains an exception not material in this inquiry, and a qualification to be hereafter noticed. Had not *mutual credit* been given by the bank and the defendant Jones ? The language of the English act of bankruptcy is, "when there has been mutual credit given by the bankrupt and any other person, or when there are mutual debts between the bankrupt and any other person, the commissioners shall state the account between them, and one debt or demand may be set off against another." There is a wide distinction between *mutual debts* and *mutual credits;* the latter embracing many cases not included in the former. In *Ex parte Prescott,* (1 *Atk.* 230,) a person owed the bankrupt a sum payable at a future day, and the bankrupt was indebted to him in a smaller sum, then due. Lord Hardwicke held that although it was not a case strictly of *mutual debts,* it was a case of *mutual credits,* and the sum owing by the bankrupt was set off and applied upon the demand owing to the bankrupt, not then due. This case is in point. In *Hankey and others* v. *Smith and others,* (3 *T. R.* 507, *note,*) the defendants held a bill accepted by the bankrupts, *not due* when the commission of bankruptcy issued. The defendants made purchases of the bankrupts, on credit, before the commission of bankruptcy. The action was brought by the assignees of the bankrupts, to recover the price of the goods sold, and it was held that *mutual credits* existed between the persons who became bankrupt and the defendants who held their acceptance, not then due, and that the defendants could set off the acceptance. At the time the goods were sold to the defendants, the vendors did not know that the defendants held their acceptance. The court held that this made no difference; that the mutual credit was constituted by taking the bill, on the one hand, and selling the goods, on the other.

In *Smith and others, assignees,* v. *Hudson,* (4 *T. R.* 211,)

the defendant had lent to the bankrupts his acceptance, which did not become due until after the act of bankruptcy, and was then outstanding in the hands of third persons, and the defendant paid the bill, and it was held that he was entitled to set off the amount thus paid, after the commission issued, in an action by the assignees against him for goods purchased by him of the bankrupts; and that this was so under the words "*mutual credit,*" used in the act. See also *Wagstaff ex parte,* (13 *Vesey,* 65,) *Atkinson and others, assignees,* v. *Elliott,* (7 *T. R.* 378,) a case where the debt of the defendant was due at the time of the bankruptcy, to the bankrupt, and the bankrupt owed him a debt not then due. It was held that the defendant might retain the money in his hands owing to the bankrupt, to satisfy his demand against the bankrupt, not due. (*Olive* v. *Smith,* 5 *Taunt.* 56. *Sheldon* v. *Rothschild,* 8 *id.* 156. *Arbouin* v. *Tritton,* 1 *Holt's N. P. C.* 408. *Russell* v. *Bell,* 8 *Mees. & Wels.* 277.)

The cases here cited establish most clearly that a case of *mutual credit* existed between the bank and Jones, at the time the receiver was appointed. The bank was indebted to Jones in the sum of $924, which was then due, and Jones owed the bank $391.43, not then due, but which became due in a few days—that constituting a mutual credit, according to the construction put upon those words as used in the English bankrupt act; and I have no doubt we should give the same construction to our statute. It is quite evident, from the language used in our statute, that the provision we are considering was taken, originally, from the English bankrupt act, and with a full knowledge of the construction which had been given to that act.

The section we have been considering, in relation to mutual credits or mutual debts, contains the qualification that "no set off shall be allowed of any *claim* or debt which would not have been entitled to a dividend, as hereinbefore directed." These provisions are contained in article 8 of the code of laws relating to absent debtors, &c. and to insolvents; and in this

article the persons who are entitled to dividends in the proceeding under each article, are specified and defined. It is sufficient here to say, that Jones would have been entitled to a dividend under any of the articles in the revised statutes, except the sixth; and the cases provided for in that article are excepted in section 36.

It may be well here to notice section seven in this 8th article, (2 *R. S.* 41,) conferring power upon the trustees to sue in their own names, &c., and declaring that "no set off shall be allowed in any such suit, for any debt, unless it was owing to such creditor, by such debtor, before the first publication of the notice required in the first article," &c. proceeding to fix a time as to the proceedings under the other articles; and to remark that it may be that this provision restricts the operations of this act in certain cases within narrower bounds, touching set-off, than the English act of bankruptcy; so that some of the cases above cited may not be applicable. Thus, as I understand the English cases, if A., the bankrupt, was indebted to B., the debt not being due when A. became a bankrupt, and B. was indebted to A., the debt being due, in an action by the assignees of the bankrupt against B., he would be permitted to retain the amount A. owed him, and apply it upon the debt he owed A., and this under the provision as to *mutual credit.* Now has the provision in section 7 of our act so qualified section 36, containing the words "mutual credit," as to exclude the case supposed of A. and B. ? It is not necessary to express any opinion upon that question in this case. The bank owed Jones, and the debt was due at the time the receiver was appointed.

In *Holbrook* v. *The Receivers of the Am. Fire Ins. Co.,* (6 *Paige,* 220,) the plaintiff was indebted to the insurance company upon a bond and mortgage not due when the receiver was appointed, and the insurance company was indebted to the plaintiff in a larger sum, for losses. The sum owing to the plaintiff had not been *liquidated,* and could not, there-

Jones *v.* Robinson.

fore, be used as a set-off to the bond and mortgage under the general provisions of the statute relating to set-off. The law under which the receiver in that case was appointed, as in the present case, had conferred upon the receiver the powers conferred upon trustees in cases of insolvent or absconding, &c. debtors; and the chancellor applied the provision of the statute in relation to *mutual credit,* and directed the set-off. The case is in point. There the bond and mortgage became due after the receiver was appointed, and a sufficient portion of the amount owing by the insolvent insurance company to the mortgagor was directed to be applied to the payment of the bond and mortgage.

In the view I have taken of this case, I think there was no legal necessity for Jones to come into this court. He can defend the action pending against him in the superior court, where his set-off, upon the principles of *mutual credit,* would be allowed. This point was not made, and I understood counsel to waive all objections except that arising upon the merits. The motion must be granted, with $10 costs, to be paid by the receiver, and to be allowed to him out of the trust funds.(*a*)

(*a*) No appeal was taken from this decision.

[ERIE SPECIAL TERM, November 2, 1857. *Marvin,* Justice.