By the Court, Robertson, Ch. J.
Since the decision of this case at special term, the case of the present defendants against DeGroot and another, involving nearly the same questions, has been determined by the Court of' Appeals, at their last March term, and several principles of law applicable to the present case authoritatively settled therein. The policies in both cases were on time, on vessels to which injury from perils'insured against occurred, before the appointment of receivers ; both made the loss payable a certain time after proof of loss and interest, and contained a similar clause for deducting the premium of insurance from the loss in case any occurred. The claims in both cases were for general average. It does not appear by the report of the case in the Court of Appeals whether such general average was adjusted before the-present defendants were appointed receivers, or not.
The Court of Appeals m the leading opinion in the case just referred to (Osgood and others, receivers, &c. v. DeGroot and another,) adopted several principles. The most im *362 portant of which was, that both because the liability of the assured on the premium note, and of the insurers on the policy arose out of the same transaction, and the policy provided for a deduction of the premium note from any loss, the same were “mutual credits,” within the meaning of the provisions of the Revised Statutes relative to the authority of trustees of insolvent debtors to set off credits or debts of - such debtor, (2 R. S. 47, § 36;) the power to make similar set offs in the same cases being conferred upon receivers of insolvent insurance companies by other provisions of the same statutes. (Id. 469, §§ 68, 70, 71, 72, 74.) This was so held on the authority of a case decided under a section of the English bankrupt law of 19 Geo. 2, (c. 32, s. 2) which permitted an assured to prove a loss accruing after the bankruptcy, against the assignees of the bankrupt, in like manner as if it had accrued before. (Graham v. Russell, 5 Maule & Sel. 498.) In that case Lord Ellenborough held that underwriters who were solvent might, under the statute just cited, set off a claim for premiums against a loss which did not occur until after a commission in bankruptcy against the' assured; and that the entire distribution of the assets must await the result of the perils ' insured against, during the period covered by the policy. Otherwise, as that learned judge observed, “ the time of the happening, of the event and not the nature of the contract or contingency ” would “ give the rule of decision. And a contract, which would have furnished an item of mutual debt on his (the debtor’s) part or an event happening yesterday, will not even furnish an item of mutual credit upon an event happening to-day.” It would seem, therefore, that that able judge held the distinction between “mutual debts” and “ mutual credits ” to be simply that obligations for the payment of money (at least when connected with each other, by arising out of the same transaction of otherwise,) were mutual debts, if they were both due, (see Murray v. Toland, 3 John. Ch. 569; Dale v. Cooke, 4 id. 11,) and mutual credits if either *363 remained to be paid at a future day. (See Dale v. Cooke, sup.; Duncan v. Lyon, 3 John. Ch. 357; Jones v. Robinson, 26 Barb. 310; In re Van Allen, 37 id. 229.) The learned justice (Hunt) in the case in the Court of Appeals Just cited, (Osgood, receiver, v. DeGroot,) also cited Swords v. Blake, 3 Edw. Ch. 112;) 2 Story’s Eq. Jur. (§§ 19, 34;) Reed v. Bank of Newburgh, (1 Paige, 215;) In re Globe Ins. Co., (2 Edw. Ch. 625,) and the opinion of the vice chancellor in Holbrook v. Am. Ins. Co., (6 Paige, 220,) in support of the same principle.
The learned justice, in his opinion, just referred to, seems either to have taken for granted as matter of fact, that the loss in the case before him not only occurred, but was due, at or before the time of the appointment of the defendants as receivers, notwithstanding the provision in the policy, that it should not be payable until sixty days after proof of loss and interest, since there was no evidence before the court that any such proof was furnished until after the appointment of the receivers, (March 26, 1866,) and their advertised notice, and the pleadings only admitted an assent by the receivers at that time.to the validity and amount of such claim; or else he held, with Chancellor Walworth, in the case of Holbrook v. Receivers of Am. Fire Ins. Co., (ubi sup.) that the New York statute which allowed set offs in case of insolvent debtors (ubi sup.) like the English bankruptcy acts, (5 Geo. 2 c. 30, § 38. 6 Geo. 4, c. 16,) which use the same words, “ embraced not only mutual debts but also, all credits and transactions ex contractu, where the credit or contract must ultimately terminate in a debt, although the ' debt had not been liquidated or payable at the time of the bankruptcy.” In support of that doctrine, the learned chancellor, in the case mentioned, referred to the cases of Grove v. Dubois, (1 Term Rep. 112;) Bize v. Dickinson, (Id. 285;) Koster v. Easan, (2 M. & S. 112.) To which the learned Justice (Hunt) in the case in the Court of Appeals added that of Jones v. Robinson, (26 Barb. 310;) Berry v. Brett, (6 Bosw. 627;) In re Receivers of Globe Ins. Co. (2 Edw. Ch. 625.) *364 But it seems to have been overlooked by both those learned justices that in every one of those cases, one of the mutual debts or credits was due at the time of the bankruptcy or insolvency. For no notice was taken by them of the cases of Glennie v. Edmunds, (4 Taunt. 775;) Sampson v. Benton, (2 Brod. & B. 89,) and Ex-parte Rhodes, (15 Ves. 539,) decided under the statutes of 5 Geo. 2, (e. 30, § 28,) and 6 Geo. 4, (c. 16,) whose language is more explicit in the use of the words “ mutual debts" and “ credits” than that of 19 Geo. 2,(ubi sup.)under which Graham v. Russell, (ubi sup.) was decided. Yet in those cases, notwithstanding the claims arose on contract and must ultimately have terminated in a debt, as they did although not liquidated at the time of the bankruptcy, they were held not to be admissible as a set-off.
The provision of the Revised Statutes also, by which the right offset off by a defendant in a suit by the trustees of an insolvent debtor to recover a claim due him is limited to debts owing by such debtor before public notice of the appointment of the trustees or the commencement of proceedings against him (2 R. S. 41, § 7,) is also overlooked by both the learned justice of the Court of Appeals, and the late eminent chancellor in the two cases already commented on.
Still I am compelled to yield to the authority of such case in the Court of Appeals (Osgood, receiver, v. DeGroot) for the doctrine, that a loss incurred by a solvent assured under a- policy by an insolvent underwriter, before the insolvency of such underwriter, was a mutual debt or credit within the meaning of the statutes as to trustees of insolvent debtors, capable of being set off" against the premiums upon such policy, although such loss was by the terms of the policy not payable until some time after proof of. loss ■ or interest, and no such proof was presented before such insolvency to the receivers.
I regard the loss in this case as having occurred at the time of the injury, by the peril insured against, to the vessel insured. Whatever may be the doctrine as to a *365 mere charge of general average on the cargo or freight, general average upon the vessel is merely the residue of compensation for the' injury, after crediting the amounts received from contributory sources. The making of the repairs and adjustment of the claim only fixes the amount of damages; the.right to indemnity accrues at the time of the injury. The BeGroot case also seems to consider the form of the action or proceeding immaterial. And as1 it disregards the section of the Revised Statutes, to which I have referred, which seems to confine the right of set off to suits against an insolvent debtor, (2 B. S. 41, § 7,) the defense must be considered complete to the premium notes in any action or proccding which either party has a right to bring, in which the court has jurisdiction to pass on the question.
As to the objection that the action is an equitable one by the debtors of the company, which is rendered unnecessary because'they have a right under the Code of Procedure to set it up as a defense in an action, it is to be remarked that the plaintiffs are entitled to a judgment for the residue after making the set-off payable in the due course of administration of assets of the company. If they should prove for the whole claim before the assignees, it might be considered as a waiver of their right of set off, and the assignees might never bring a suit on the note to test the question, or if they did, the plaintiffs could not well get any judgment for the balance. I am not prepared to say that the Code has necessarily abolished the exercise of long established affirmative equitable jurisdiction to enforce a set-off cognizable only in equity. The necessity of and right to, an injunction order, to prevent a suit in which all the rights of the parties cannot be settled, and aid a suit in which they can, is fully sufficient in this case, and the only question in it is, therefore, as to the right of set off.
For these reasons the judgment at special term should be reversed, with costs to abide the event.