*(United States Circuit Court, Northern District of Illinois.)*

## Drake

### vs.

## W. E. Rollo, Assignee of the Merchants' Insurance Company.

(June, 1872.)

BANKRUPTCY—"MUTUAL DEBTS AND CREDITS"—UNMATURED DEBTS —RIGHT TO SET OFF—JURISDICTION OF EQUITY. Where an insurance company becomes insolvent and goes into bankruptcy owing an assured money on a loss, the latter has the right to call on a court of equity to set off against his claim, money which he has borrowed of the insurance company but is not yet due. Such a case is one of "mutual debts and credits" under section 20 of the bankruptcy act of 1867.

Bill in equity. Heard before Judges Drummond and Blodgett. The facts are stated in the opinion of the court.

*Hitchcock, Beckwith, Shorey* and *G. W. Smith,* for complainant.

*Pence, Hoyne, Thompson and S. W. Fuller,* for respondent.

DRUMMOND, J.:—

On the first of June, 1868, the plaintiff borrowed of the insurance company seventy-five thousand dollars, twenty-five thousand payable on the first of June, 1872, and the remainder on the first of June, 1874. Several policies were taken from the company by the plaintiff to indemnify him for loss of property by fire, amounting in all to $17,000, and on which there was a total loss by the fire of October 9th, 1871. On the 31st of October proceedings were commenced against the company, under the act of this state to wind up insolvent insurance companies.

In November a petition in bankruptcy was filed, and on the 18th of December a decree of bankruptcy was entered against the company.

Under this state of facts, the plaintiff in April last filed a bill, claiming to set off the amount due on the policies against the debts to become due from him to the company.

And the only question in the case is, whether the set-off can be allowed. And we are of the opinion that the plaintiff is entitled to the set-off he claims. It depends upon the 20th section of the bankrupt law. That section is as follows:

"That in all cases of mutual debts or mutual credits between the parties, the account between them shall be stated, and one debt set off against the other, and the balance only shall be allowed or paid; but no set-off shall be allowed of a claim in its nature not proveable against the estate: *Provided*, that no set-off shall be allowed in favor of any debtor to the bankrupt of a claim purchased by or transferred to him after the filing of the petition."

It is true in this case the plaintiff obtained part of the means which the company possessed, to meet its liabilities in case of loss or insolvency, and by permitting a set-off, it enables the plaintiff to receive payment in full of his claim, while the general creditors of the bankrupt company are only partially paid, and thus he becomes a preferred creditor. But it is a preference growing out of the business relations of the par-

ties as they stood at the time of the fire which rendered the company insolvent.

As soon as the loss happened there was the relation of debtor and creditor, and there were no special circumstances qualifying that relation. When the plaintiff complied with the conditions of the policy after the loss, and furnished his proofs, as soon as the specified time had elapsed it became a subsisting debt against the company, and, at the same time, the plaintiff was the debtor of the company for money payable in the future. It was then a case of mutual debt and credit, within the meaning of the twentieth section above cited. The parties here trusted each other, and when the plaintiff was called on to meet his indebtedness, he would have the right to retain the amount of the loss and pay the balance. The amount thus retained in one sense he does not owe, because the law seizes it in his hands if he so wills, and by its own force extinguishes the debt. And the money loaned not being due at the time the bill was filed, and constituting a mutual credit, it is competent for the plaintiff, the company being insolvent, to call on a court of equity to allow the set-off.

*Kostor v. Easen,* 2 Maule & Selwyn, 112; *In re Globe Ins. Co.,* 2 Edw. Chan. 625; *Osgood v. DeGroat,* 36 N. Y. 348; *Holbrook v. Receivers, etc.,* 6 Paige, 220; *Ex parte Prescott,* 1 Atk. 230; *Jones v. Robinson,* 26 Barb. 310; *Bradley v. Angel,* 3 N. Y. 475.

NOTE.—See Fed. Cas. No. 4,066.—Ed.