Rollins, S.
On the twelfth of May last the public administrator, to whom the surrogate lately granted letters as administrator of this estate, filed in this court the affidavit of William M. Elias, which alleged upon information and belief: First. That this decedent at the time of his death, in June, *159 1881, had in his possession or under his control United States government bonds of the value of about $150,000, and,
Second. That at the time of the making of such affidavit such bonds were in the possession or under the control of decedent’s widow, Maggie Elias.
The public administrator, upon filing this affidavit, applied for a citation directing the said Maggie Elias to appear before the surrogate at a time and place specified, and to “ testify concerning the property of Ellis H. Elias, deceased.” Such a citation was duly issued and served. On the day appointed for its return the respondent appeared by counsel, filed an affidavit, whose contents will presently be stated, and moved that the proceedings be dismissed. Shall this motion be granted ?
The provision by which the public administrator of this county was formerly authorized to institute, in his official capacity, an inquiry concerning property of a decedent, not satisfactorily accounted for by persons who were about, him in his last sickness, was section 8, title 6, chapter 6, part 2 of the Revised Statutes (3 Banks’ 6th ed., 128). This provision was re-enacted by section 222 of the consolidation act (Laws of 1882, chap. 410). By the act of April 22, 1870 (chap. 359, Laws of 1870, sec. 7), executors and administrators in general in the county of Mew York were granted substantially the same rights and privileges for the discovery of property concealed or withheld, as had theretofore been accorded to the public administrator. By chapter 394 of the Laws of 1870, the benefits of chapter 359 were extended to executors and administrators throughout the state. The statute law in this regard remained unchanged until the adoption of the Code of Civil Procedure, and in that Code its provisions were substantially re-enacted (Secs. 2706-2714),
It does not clearly appear whether the present proceeding is claimed to be instituted under the Code or under section 222 of chapter 410 of the Laws of 1882. It seems to me, however, that as the public administrator is in charge of this *160 estate, not virtute officii, but by investiture of letters of administration issued to him by the surrogate, the course which he must here pursue for the discovery of property of his intestate’s estate, claimed to be concealed or withheld, is fixed by the Code of Procedure (Miller agt. Franklin Bank, 1 Paige, 444).
The Code provisions upon this subject were amended by chapter 535 of the Laws of 1881, and the following words were added at the close of the 2710th section: “ In case the
person so cited shall interpose a written answer, duly verified, that he is the owner of said property, or is entitled to the possession thereof by virtue of any lien thereon, or special property therein, the surrogate shall dismiss the proceeding as to such property so claimed.”
In the case at bar the person cited has interposed an answer in words following:
“ I am the widow of said Ellis H. Elias. During his lifetime he gave me from time to time United States bonds, and at the time of his death I had in my possession, as a part oí said bonds so given to me, about $30,000. I have no property of said Ellis H. Elias in my possession or under my control. I have property which I received from him. He gave it to me for myself, and I make claim to be the owner of all the property in my possession which I received from him.”
Counsel for the moving party makes, as it seems to me, a just criticism upon the allegations of this affidavit. He insists that the respondent does not declare herself to be the owner of the “ about $150,000 ” whose whereabouts he is seeking tO' discover. So far as she asserts a claim to any sum whatever, parcel of such $150,000, she maintains her ownership of no more than “ about $30,000.” Her insistence of title to that sum is only a jwo tcmto bar to the petitioner’s proposed inquiry. If she had absolutely denied her possession or control of any property whatever belonging to the decedent at the time of his death, it is very clear that such a denial would not have blocked her way to further investigation in this- *161 court. By the denial that she has in fact interposed, she has obstructed such investigation only so far as concerns the $30,000 which she claims as hers.
I must hold, therefore, that, as regards her possession or control of any property held by this decedent at the time of his death, other than the sum of $30,000 in United States bonds, this proceeding has not lost its vitality. The respondent is allowed one week within which to file, if she sees fit to do so, and if the facts will warrant it, an answer which will require the absolute dismissal of this proceeding.
I commend to the consideration of her counsel the petitioner’s suggestion, that the paper by which it has been attempted to oust the surrogate of jurisdiction in this matter, is in the shape of an affidavit, and is not strictly an “ answer,” such as is contemplated by the Code.
In case the respondent shall again seek to avail herself of her privilege under section 2710, it may be well for her to assert it in more formal fashion.