NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—July, November, 1885.

PUBLIC ADMINISTRATOR *v.* ELIAS.

*In the matter of the estate of* ELLIS H. ELIAS, *deceased*

In a case where the public administrator of New York county is in charge of an intestate's estate, not *virtute officii*, but under letters issued to him out of the Surrogate's court, the procedure under an application

by him, for the discovery of property of such estate alleged to be concealed or withheld, is regulated by Code Civ. Pro., §§ 2706–2714, relating to such an application by executors and administrators, generally, and not by L. 1882, ch. 410, § 222, re-enacting R. S., part 2, ch. 6, tit. 6, § 8.

Where an administrator, seeking to discover property of his intestate alleged to be concealed or withheld, alleges that the person to be cited has, in his possession or under his control, specified articles of property which were in the possession or under the control of intestate at the time of his death, an assertion by the respondent of his own title to a portion, only, of such property does not bar all further inquiry, under the provisions of Code Civ. Pro., § 2710, which directs that, " in case the person so cited shall interpose a written answer, duly verified, that he is the owner of said property, or is entitled to the possession thereof, by virtue of any lien thereon, or special property therein, the Surrogate shall dismiss the proceeding as to such property so claimed."

And where, in response to an application by the administrator for an examination of decedent's widow, with a view to discovery of the whereabouts of certain U. S. bonds " of the value of about $150,000," the respondent answered that decedent, during his life, gave to her from time to time, such bonds to the amount of $135,000, whereof she returned to him, on different occasions, large numbers, of unknown value, for his temporary use, leaving in her possession, at decedent's death, an amount of the par value of $30,000, and no more ; and that she was advised and believed that she was the owner of the bonds so retained, and of those so returned, if any, not disposed of by decedent before his death, and, as such owner, entitled to the possession thereof,—

*Held*, that the examination must proceed.

Whether an affidavit is an " answer," within the meaning of Code Civ. Pro., § 2710—*quære.*

UPON a contested application for letters of administration upon the decedent's estate, the Surrogate decided that Maggie Elias was the widow of the decedent and entitled to the letters. The requisite official bond not being given by her, letters were subsequently issued to the public administrator, who procured a citation directing the widow to attend and be examined concerning decedent's property. On the return day, she moved to dismiss the proceedings. Further facts appear in the opinion.

CARDOZO & NEWCOMBE, *for the motion.*

L. B. CLARKE, *for public administrator, opposed.*

THE SURROGATE.—On the 12th of May last, the public administrator, to whom the Surrogate lately granted letters as administrator of this estate, filed in this court the affidavit of William M. Elias, which alleged, upon information and belief—1st. That this decedent, at the time of his death, in June, 1881, had in his possession or under his control United States Government bonds of the value of about $150,000; and, 2nd. That, at the time of the making of such affidavit, such bonds were in the possession or under the control of decedent's widow, Maggie Elias.

The public administrator, upon filing this affidavit, applied for a citation directing said Maggie Elias to appear before the Surrogate at a time and place specified, and to " testify concerning the property of Ellis H. Elias, deceased." Such a citation was duly issued and served. On the day appointed for its return, the respondent appeared by counsel, filed an affidavit whose contents will presently be stated, and moved that the proceedings be dismissed. Shall this motion be granted?

The provision by which the public administrator of this county was formerly authorized to institute, in his official capacity, an inquiry concerning property of a decedent, not satisfactorily accounted for by persons who were about him in his last sickness, was R. S., part 2, ch. 6, tit. 6, § 8 (3 Banks, 6th ed., 128). This provision was re-enacted by § 222 of the Consolidation act (L. 1882, ch. 410). By the act of

April 22nd, 1870 (L. 1870, ch. 359, § 7) executors and administrators in general, in the county of New York, were granted substantially the same rights and privileges, for the discovery of property concealed or withheld, as had theretofore been accorded to the public administrator.   By L. 1870, ch. 394, the benefits of chapter 359 were extended to executors and administrators throughout the State.   The statute law in this regard remained unchanged until the adoption of the Code of Civil Procedure, and in that Code its provisions were substantially re-enacted (§§ 2706–2714).

It does not clearly appear whether the present proceeding is claimed to be instituted under the Code or under § 222 of chapter 410 of the Laws of 1882.   It seems to me, however, that as the public administrator is in charge of this estate, not *virtute officii*, but by investiture of letters of administration issued to him by the Surrogate, the course which he must here pursue for the discovery of property of his intestate's estate claimed to be concealed or withheld is fixed by the Code of Procedure (Miller v. Franklin Bank, 1 *Paige*, 444).

The Code provisions upon this subject were amended by L. 1881, ch. 535, and the following words were added at the close of § 2710: "In case the person so cited shall interpose a written answer duly verified that he is the owner *of said property,* or is entitled to the possession *thereof* by virtue of any lien thereon, or special property therein, the Surrogate shall dismiss the proceeding *as to such property so claimed.*"

In the case at bar, the person cited has interposed an answer, in words following : " I am the widow of said Ellis H. Elias. During his lifetime he gave me from time to time United States bonds, and at the time of his death I had in my possession, as a part of said bonds so given to me, about $30,000. I have no property of said Ellis H. Elias in my possession or under my control. I have property which I received from him. He gave it to me for myself, and I make claim to be the owner of all the property in my possession which I received from him."

Counsel for the moving party makes, as it seems to me, a just criticism upon the allegations of this affidavit. He insists that the respondent does not declare herself to be the owner of the " about $150,000 " whose whereabouts he is seeking to discover. So far as she asserts a claim to any sum whatever, parcel of such $150,000, she maintains her ownership of no more than " about $30,000." Her insistence of title to that sum is only a *pro tanto* bar to the petitioner's proposed inquiry. If she had absolutely denied her possession or control of any property whatever belonging to the decedent at the time of his death, it is very clear that such a denial would not have blocked the way to further investigation in this court. By the denial that she has in fact interposed, she has obstructed such investigation only so far as concerns the $30,000 which she claims as hers.

I must hold therefore that, as regards her possession or control of any property held by this decedent at the time of his death, other than the sum of $30,000 in United States bonds, this proceeding has not lost

its vitality. The respondent is allowed one week within which to file, if she sees fit to do so, and if the facts will warrant it, an answer which will require the absolute dismissal of this proceeding.

I commend to the consideration of her counsel the petitioner's suggestion, that the paper by which it has been attempted to oust the Surrogate of jurisdiction in this matter is in the shape of an affidavit, and is not strictly an "answer" such as is contemplated by the Code. In case the respondent shall again seek to avail herself of her privilege under § 2710, it may be well for her to assert it in more formal fashion.

The following opinion was filed, in the same matter, on November 2nd, 1885:

THE SURROGATE.—In my memorandum of July 16th, 1885, I held that the answer interposed, in behalf of this decedent's widow, to the application of the public administrator, for the institution of an inquiry for the discovery of property claimed to be concealed or withheld, was insufficient, in view of the fact that it only claimed ownership of "about $30,000," while the applicant sought to discover the whereabouts of "about $150,000," and that the widow's insistence of title to the smaller sum was only a *pro tanto* bar to the petitioner's proposed inquiry.

An amended answer has since been filed, whose sufficiency is now disputed by counsel for the petitioner. By that answer it is asserted that, for a long time prior to his death, this decedent, from time to time, presented and gave to the respondent U. S. four

per cent. bonds, amounting in the aggregate to about $135,000, that the respondent, from time to time, at decedent's request, returned to him out of said bonds large numbers thereof for his temporary use; that, as to the number or value of the bonds, so taken by the decedent, the respondent has no knowledge, but that on June 21st, 1881, there remained, out of all the bonds so given and presented to her, bonds which were of the par value of $30,000, and no more, and that she is advised and believes that she is the actual and *bona fide* owner of said bonds of the par value of $30,000, and if any bonds are in existence and were not disposed of by said Ellis H. Elias in his lifetime, in excess of $30,000, and not exceeding $135,000, she, the respondent, is entitled, as owner, to the possession thereof.

This answer does not seem to me to be sufficient to preclude further inquiry by the petitioner. The respondent must, therefore, attend and be examined, and the order may be entered accordingly.