CHARLES H. PENDERGAST, as Réceiver of the PRO-DUCE BANK of the City of New York, Respondent, *v.* ERNEST GREENFIELD, as Trustee, etc., and Individually, Appellant.

*Counter-claim — when, in an action brought against one as trustee, he may set up a demand due to him, individually, from a bank of which the plaintiff is the receiver.*

The defendant in this action received certain claims existing in favor of N. H. Decker & Co., arising out of a contract for the construction of Riverside drive, as assignee, in trust, to apply the proceeds of the same towards the payment of debts of Decker & Co., connected therewith.

The plaintiff, the receiver of the Produce Bank, brought this action to compel the defendant to account for the moneys received by him under the assignment from N. H. Decker & Co., the bank having discounted certain promissory notes upon the security of the contract made by that firm for constructing the Riverside drive. By the declaration of trust given by the defendant when the contract was assigned to him by Decker & Co., he agreed to pay out of the moneys received by him upon the said contract all liens, claims, etc., growing out of it and existing against the firm, or either member thereof, by reason of it.

The complaint alleged that the defendant, as trustee for the firm, had collected moneys under the said contract and had discharged certain of the liens or claims, including some of the notes held by the bank, and the remainder of the said notes were unpaid, and were the only outstanding liens, or claims or debts, growing out of the contract within the meaning of the declaration of trust.

The defendant set up as a counter-claim a demand due to him by the Produce Bank for services rendered by him as its vice-president, and alleged that at the date of the appointment of the plaintiff as receiver the board of directors of the bank were indebted to him in the sum of $3,600.

*Held,* that the court erred in sustaining a demurrer, interposed to the counter-claim, upon the ground that such counter-claim was alleged in favor of the defendant in his individual capacity only.

That as the counter-claim tended in some way to diminish or defeat the plaintiff's recovery, as required by section 501 of the Code of Civil Procedure, and as the demand existed against the person whom the plaintiff represented, or for whose benefit the action was brought, it was properly interposed and should be sustained.

APPEAL from a judgment sustaining a demurrer interposed to a counter-claim set up by the defendant in his answer to the complaint herein.

*Burton N. Harrison*, for the appellant.

*John S. Cadwallader*, for the respondent.

BRADY, P. J.:

The complaint alleges that the Produce Bank of this city had discounted for N. H. Decker & Co. certain promissory notes, having as security liens on amounts due that firm for constructing the Riverside drive, and that they assigned all such claims to the defendant, who thereupon executed a declaration to the effect that the assignment was made to him in trust only, to pay out of the moneys or drafts all liens, claims, debts and demands growing out of the contract and existing against the firm or either member thereof as such by reason of the contract, and he agreed to account to Decker for all moneys and drafts received or to be received under the assignment, and to pay over to him all moneys and drafts received or to be received, and to account for all moneys received by him after the payment of the liens, claims and demands by him to be paid.

It is further alleged in the complaint that by the declaration of trust the defendant agreed with the Produce Bank and others to account for sums received thereunder and to pay the loans and claims and to pay to Decker the surplus; and further, that amounts were from time to time collected by the defendant and certain liens or claims discharged, including some of the notes discounted by the bank, the remainder of the notes then unpaid being the only outstanding liens, claims or debts growing out of the contract and within the meaning of the declaration of trust.

The complaint also alleges an account stated with the defendant as trustee, and further. that it thereupon became the duty of the

defendant, as trustee, to apply the balance in his hands in accordance with his trust, and to pay the outstanding notes held by the plaintiff, or on which the Produce Bank was the indorser, having pledged the same, less such sums as he was entitled to as commissions. The plaintiff demanded judgment that an accounting might be taken of all the sums in the hands of the defendant, as trustee, for which he was liable to account, and that the balance out of it should be paid over and applied to the purposes of the trust.

The defendant, for a second defense, set up as a counter-claim a demand due to him by the Produce Bank for services rendered as its vice-president, and alleged that at the date of the appointment of the plaintiff as receiver of the Produce Bank the board of directors of the bank were indebted to him in the sum of $3,600, a sum which had been duly demanded and which had not been paid in whole or in part. The plaintiff demurred to the counter-claim upon three grounds, as follows: First, it does not contain a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; second, the cause of action alleged in said counter-claim is not one existing against the person whom the plaintiff represents; third, the counter-claim is alleged in favor of the defendant in his individual capacity only.

The learned justice in the court below sustained the demurrer. He seems to have held the first ground of demurrer well taken; the second ground of demurrer unavailable, but the third ground of demurrer well taken. It is true that the defendant is sued as a trustee, a relation created by written instruments for specific purposes, as has been seen. But all such purposes have been accomplished except the payment of some notes which were discounted by the Produce Bank, and which the plaintiff represents. There is no allegation in the complaint that there are any other creditors.

The Code, by section 501, declares that the counter-claim specified in section 500 must tend in some way to diminish or defeat the plaintiff's recovery, and must be one of the causes of action, stated, against the plaintiff, or, in a proper case, against the person whom he represents; and the causes referred to are those of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of

the action, or in an action on contract any other cause of action on contract existing at the commencement of the action.

By section 502, as amended by the act of 1877, the counter-claim specified in subdivision 2 of section 501 is subject to certain rules, one of which is that if the plaintiff is a trustee for another, or if the action is in the name of a plaintiff, who has no actual interest in the contract upon which it is founded, a demand against the plaintiff shall not be allowed as a counter-claim ; but so much of a demand existing against the person whom he represents, or for whose benefit the action is brought, as will satisfy the plaintiff's demand, must be allowed as a counter-claim, if it might have been so allowed in an action brought by the person beneficially interested. This provision is predicated of a similar one to be found in the Revised Statutes. (2 R. S., 354, part 3, chap. 6, title 2, § 18.)

It is supposed by the learned counsel for the respondent that, as this action was brought by a receiver, the case of *Osgood* v. *Ogden* (4 Keyes, 70) is an adjudication against the right of the defendant to set up a counter-claim. An examination of that case demonstrates this to be an erroneous view. That was a proceeding to oblige a defendant to refund a sum which he had wrongfully received as a stockholder, and it was, therefore, one as to which the company itself, represented by the receiver, could not maintain an action. The receiver, therefore, represented the creditors, and not the bank, and it was upon that view of the relations between the parties that the court predicated its judgment. Justice BACON said : " The sensible and legal view of this action, and the results flowing from it, is, I think, taken by the referee, that inasmuch as the acts for which this recovery is sought were frauds upon the creditors of the insolvent corporation, and the reparation sought is the restoration of these improperly abstracted funds for their benefit, the action is brought and is only to be maintained in the rights of the creditors, and in this specific action the plaintiffs represent the creditors only."

In the elaborate brief of the counsel for the respondent it seems to be conceded that if the receiver were prosecuting the demand due to the company, the set-off interposed might be sustained. And in the argument made by the counsel for the appellant, containing to some extent a history of the law on set-off, cases are cited show-

ing that in actions kindred to this the set-off could be entertained. (*Miller* v. *Receivers of Franklin Bank*, 1 Paige, 444; *Berry, Receiver, etc.*, v. *Brett*, 6 Bosw., 672, 673; *In re Globe Ins. Co.*, 2 Edw. Ch., 625; *In re Receiver Middle District Bank*, 1 Paige, 585.) In the last cited decision Chancellor WALWORTH said: " In the case of *Miller* (*supra*) this court decided that any equitable set-off which the debtor had at the time that the bank stopped payment was not altered by the appointment of a receiver. It makes no difference whether the debt of the bank was then payable or has become due since." (See, also, *Osgood* v. *De Groot*, 36 N.Y., 348.)

The case of *Ives* v. *Miller* (19 Barb., 196), to which the learned counsel for the respondent refers on his brief, was substantially disregarded in the case of *Waddell* v. *Darling* (51 N. Y., 327), in which it was held that in an action upon a contract a balance due the defendant upon an unsettled partnership account between the parties, where the partnership was dissolved prior to the commencement of the action, was a proper counter-claim, and that the defendant could ask for an accounting and the application of the balance due him in the extinguishment of the plaintiff's demand. That case was decided in 1873, and, therefore, prior to the amendment of the Code in 1877, to which allusion has been made, and which adopted, as already intimated, the provisions of the Revised Statutes.

Although the action is against the defendant as a trustee under the assignment and declaration of trust already referred to, nevertheless it appears from the complaint that the only outstanding claims are those of the Produce Bank, which the receiver represents, and it is thought, therefore, that the counter-claim does tend in some way to diminish or defeat the plaintiff's recovery, as required by section 501 of the Code of Civil Procedure, and is a demand existing against the person whom the plaintiff represents or for whose benefit the action is brought, and, therefore, should be allowed to an amount sufficient to satisfy the plaintiff's demand, in accordance with subdivision 3 of section 502 of the Code.

As the case is understood by the pleadings, the action is brought to recover from the defendant a sum of money which should be paid by him in liquidation of demands due to the Produce Bank, and to which he responds by saying the Pro-

duce Bank is indebted to him in a sum of money of which he demands payment and he sets up this indebtedness to him as a counter-claim. As the obligation assumed by him was to pay the bank, it is not understood why, under the decisions referred to and the provisions of the Code, he might not pursue that course if he thought proper so to do. Section 507 expressly provides that a defendant may set forth in his answer as many defenses or counter-claims, or both, as he has, whether they are such as were formerly denominated legal or equitable; and the counter-claim interposed may justly be denominated equitable. The question thus considered is embarrassing, and the conclusion arrived at is not, perhaps, entirely free from doubt, but it is evident that the legislature meant to, and did, enlarge the rights of persons having counter-claims when prosecuted for liabilities against which they might be applied. For these reasons it is thought the judgment should be reversed and plaintiff permitted to withdraw the demurrer, and reply on payment of costs of the demurrer.

DANIELS, J., concurred.

Judgment reversed, and plaintiff permitted to withdraw the demurrer, and reply on payment of costs of the demurrer.