## WELCH & COMPANY, Complainant,
### v.
## SAN CRISTOBAL CENTRAL, Dft.

---

San Juan, Equity, No. 940.

MASTER'S REPORT ON INTERVENING PETITION OF BARRIOLA.

Equity Practice—Exceptions to Report.

    1. Under rule 83 of this court exceptions to the master's report shall state the principle of law or conclusion of fact excepted to, and refer to the evidence relied upon. A reference to evidence upon the hearing on file does not come up to this rule.

Master's Report—Presumption.

    2. Unless there is some satisfactory showing that the master is in error as to facts reported, he will be sustained.

Master's Report—No Exception.

    3. If no exception is filed to a point in the master's report, an argument cannot be entertained in opposition to the finding of fact.

Receivership—Previous Contracts.

    4. The court has the power to authorize a receiver to abrogate contracts affecting the receivership property in the interest of the

Welch & Co. v. San Cristobal Central.

trust, and this does not amount to an infraction of the contract, and does not confer a right to damages. The power, although unusual, exists, and is to be exercised with great care.

Damages—Anticipatory Breach.
     5. If a defendant puts it out of its own power to carry out a contract, this gives a ground for damages. Becoming insolvent, and so necessitating receivership, is such an instance of making performance of a contract impossible.

Receivership—Rejected Contract.
     6. Damages from an anticipatory breach of contract caused by receivership relate back to the appointment of the receiver. While ordinarily the damages amount only to an open account, there are cases, similar to bankruptcy, in which a claim for damages by a colono can be set off against the claim of rent by a landlord.

Rent—Reduction of Rate.
     7. Where the master reduces the amount of rent called for by the lease without any evidence shown to justify it, he will not be sustained. The agreement of the parties to the lease, if not contradicted, is persuasive.

Opinion filed November 18, 1914.

_Mr. H. G. Molina_ for intervening petitioner.

_Mr. Chas. Hartzell_ for receiver.

HAMILTON, Judge, delivered the following opinion:

On March 7, 1914, Manuel Antonio Barriola, after obtaining permission of the court, filed an intervening petition in this cause, wherein he set out that he was a colono and sublessee of the defendant central, by a contract dated January 27, 1912, of which he attached a copy. That he performed his part of the contract up to September, 1913, but that the central, during

the preceding month of May, had failed to make the agreed advances and in September the receiver declined to make any. He admits that he received about $2,000 as refaccion under the contract, and alleges that he has planted, under the contract, 80 cuerdas of sugar cane land. He asks that the contract be declared broken, that he be allowed damages, that an account be had of the grinding of cane from his land for 1913 and the present crop, and that he be allowed a lien upon the produce of the present crop taken from the 80 cuerdas in question. This petition was not formally answered, but was referred to Special Master J. Henri Brown, and the receiver offered testimony in opposition to the petition. On July 11, 1914, the special master filed a report in which he stated an account, and finds for the petitioner in the sum of $605.23, to be paid out of the proceeds of said crop in the hands of the receiver. To this report, on July 18, the petitioner excepted, first, on the ground that there were no damages from any breach of contract, and second, that the master was in error in reducing the agreed rental from $12.50 fixed in the contract to $10 for the time subsequent to the appointment of the receiver on August 15, 1913.

1. The exception filed does not follow rule 83 of the rules of this court. That says: "Exceptions to the master's report shall succinctly state the fact of exception, the principle of law or conclusion of fact excepted to in the report, and refer to page or paragraph of the evidence upon which the exceptor relies. Otherwise the exception will not be considered."

The brief of the exceptor's counsel makes some reference to "the evidence taken upon the hearing of this controversy . . . among the files presented to this court," but this does not come up to the requirements of the rule.

2. Waiving this, the argument for the receiver is that, in point of fact, there was no breach of the contract as to advances, in that advances are usually spread out over the whole season, while the facts indicate that $1,900 of the $2,400 had been paid before the receivership. Even conceding this, however, there would be a balance of $400 that was to have been paid, and which, in point of fact, was not paid. Damages are not to be measured by the amount of money withheld on such a contract, but by the loss occasioned to the colono in consequence of not having the promised amount. The master's report finds that these damages amounted to $900, to which is added a balance due on 1913 account. There does not seem to be any satisfactory showing made that the master was in error as to these amounts, and he is therefore sustained.

3. The receiver further urges that, if there were a breach of the contract at all, it was by the petitioner himself, in that he did not cultivate 130 cuerdas as called for by the contract, but confessedly cultivated only 80 cuerdas. The contract as accepted says: "You will be obliged to cultivate in the Casiana property at least 130 cuerdas of cane, including ratoons and good new cane, each year during the term of the contract, provided that the property contains an acreage of 180 cuerdas." There is no exception to the master's finding in this regard, and therefore the argument cannot be entertained, and moreover it may be added that, upon the facts, it is not clear that the facts show a breach by the petitioner. .

4. The court in this case directed the receiver to investigate and elect what contracts should be continued and what not. Under this the receiver decided to abrogate the contract, which action was approved by the court. This action of the court

Welch & Co. v. San Cristobal Central.

was taken for the interest of the whole trust at large. It is an unusual power and is to be exercised only with great care. Of such an act no one can complain. It does not amount to the infraction of the contract by either party, and, from the necessity of the case, is not an infraction by the court. No legal damages result to either party from this action of the court. It is *damnum absque injuria*. It is in the nature of an act of sovereignty by judicial representatives of the state. There are therefore no damages accruing from the receivership as such.

5. This case comes under the principle of an anticipatory breach of contract. This occurs where one party puts it out of his power to perform the contract. In this case the defendant central, in legal effect, put it out of its own power to carry out the contract when it went into the hands of a receiver. It is true that the appointment of a receiver is the act of the court, and not of the defendant central, but, in legal effect, when the central became insolvent, it made the performance of its contract impossible.

6. When a receiver rejects a contract, his rejection relates back to the beginning of the receivership, and the breach takes effect at that time. The damages, if there be any, date from the appointment of the receiver; but they run against the defendant central. As they are merely an open account on unsecured debt, they would not ordinarily be collectable from the assets of the receivership, and for this reason the claim at bar seems to be the first of its kind urged in this court. It comes up as an offset to an acknowledged claim of the receiver. Set-off was first allowed in bankruptcy by the act of 4th Anne, chap. 17; Byles, Bills, 431, 432; Re Globe Ins. Co. 2 Edw. Ch. 625. Where there are mutual accounts it is not just for one party to be allowed to collect his claim in full if the other

cannot collect his. In the case at bar the claim for damages by the colono can be set off against the claims of the landlord central under the contract. There is no exception to the master's finding that the claim of the central for $1,931 advances on the 1914 crop, and $219.66 interest, is correct. The contest is on the offset, which the special master found to exceed the principal debt.

7. An exception raises the question whether the special master was right in reducing the agreed rent for the time of the receivership. No evidence is cited on either side, and none is mentioned by the special master to support his finding "that the rental may properly be reduced to $10 per cuerda, on the ground that the advances to be furnished by the central to petitioner under the original contract were an important consideration for his agreement to pay at the rate of $12.50 per cuerda." The petitioner claims damages, "first, for the money and labor expended in preparing for future crops to be ground at the defendant's central, . . . and, secondly, for the loss of profits by the petitioner." No claim is made that the rent should be reduced, and the matter was not directly before the special master. It is true that the setting aside of the contract sets aside the agreement as to rent as well as to all other parts of it, and it becomes a matter of *quanlum valeat;* but the agreement of the parties expressed in the contract is very high evidence of facts recited in it, such as the rental value of the land. The exception to the special master's report is therefore sustained as to this item.

The exception to the master's report as to damages is overruled, and the exception as to reduction of rental is sustained. The clerk will enter a decree for the difference, to wit, $310.23.

It is so ordered.