*153 Opinion op the Court, by
Judge Mills.
. THE defendant in error filed his bill, with injunction, against the plaintiffs, Gabriel and John Collins, seeking relief against a judgment at law, obtained against him by said Gabriel, as assignee of Johp,‘allég-ing that he had been the partner of said John in a bookstore and book-bindery in Louisville; that after many attempts-to separate, the partnership was dissolved, by his,purchasing the stock on hand and debts due, and assuming the debtsowing from the firm, for w^h he agreed to give twelve and one half per cent, on the amount of cost and carriage, and to collect the .debts and pay a part to said John Collins, all which was written in an article of agreement between the parties; that it was also stipulated, that the said John Collins should no more pursue the business of a ,bookseller and binder in Louisville, during his continiiahce in the business, for which he was to give the additional sum of three hundred dollars; that the writer omitted to include this in the article, until it was cbmpieted, *154 at the suggestion ,pf 'the parties,' 'annexed it as a postscript, -in .-the follow,in| wéfijds :■ ij^TKé said -Farquar further ag-rpes to pay -saTd* Coll ins, over and above the sum specified, three hundred dollars, so spon as collec-tions can be made, or as said Collins may want- money ^01’ market;” that he gave three^ notes for the, sum ' which he was to pay in the purchase, two of wfijch-*he had paid, and the third was the one on which the judg-«t law is founded, and that he had also paid the said three hundred dollars. His grounds of equity are the following: First, that through the depreciation of ¡-¡-¡g currency, since he made the contract, he had lost npwarc)s 0f flve hundred dollars, by having to receive _ , - - the debts due to the hrm m depreciated money, and pay those debts due from'the firm, according to the standard. Secondly, that he had collected large demands due to the firm, with great diligence, on which he charges a commission of ten percent, amount-*ngto five hundred dollars more. Thirdly, he alleges that he was charged carriage from Philadelphia, on books bought in Louisville, to the amount of one hun-¿¡recj an(] thirty-five dollars, which was included in the notes. Lastly, that the plaintiff in error, John Collins, had set upand carried on another book-store in Louis-ville, in contravention of his contract to refrain from it; so that he, the said defendant, was entitled to recover back the three hundred dollars paid for that restriction.
It seems improper, that chancery should sustain as a set-off,’ a sum so uncertain as er rtobeem-nannelled to liquida-lo it; ISr'that'a judgment at law should be firstobtained, was equity of set-off,topre-sent it as li-emulated J*y thejudgnjént..
*154 The answers deny the right of the defendant in error to any relief, on all the grounds stated, and deny the contract to refrain from vending books in Louisville, and aver that the three hundred dollars was part of the purchase money for the stock in trade.
The court below empannelled a jury to enquire into the fact, whether there was such contract to refrain from vending books, as charged in the hill and compos-^le consideration of the three hundred dollars paid, The jury found in the affirmative. The court thereupon disallowed all other, charges, except the three hundred dollars, which was directed to be credited on the judgment at law, and the injunction w.as perpetuated to,that Amount, and dissolved as to the residue. To averse this decree, this writ of error is prosecuted by defendants in the court below,
As to all the grounds of equity stated, except the three hundred dollars, but little need be said. The *155 fecedfthebMlAi^m|h^%fe¿o4ght'iiot,fc^be aHoWed. Surely the tí®^|fiwror,.WÍre not bound f<?r arty deficiency-oc<2^^gedi’Sy:the subsequent dép?étiiation, or to pay a commission bn collection, without atiy stipula-ti°¿iR|) Jhat effect;'and none such is pretended in the bÉ¡gr round irf|he'written contract. Th,e carriagtyrn the; books .bought in Louisville, is equally groundless. The amount'of it was included in the nq^.esj aft^r the article of dissolution was drawn; and it is not' pretend-¿d ’by‘the qómplainant, that he was ignorant of it at the time he executed-*the notes, or that the slim was taken in by any mistake- ór fratid, but byhis<sown agreement, which is, by the testimony, clearly established. •’* ‘.The main question, then, must rest on the claim for three hundred dollars. Some questions -are mártej. by the assignment of error, ari-ing out of a bill of exceptions taken at the trial. It is also contended that the „merits of the case are for the plaintiff in error,-and-that the cas'S was not one proper for the jurisdiction of chancellor. .
An ao^ee„ ment°not to carry on the ^usíneísTn a particular • lowrSJnmcIer f0-t entitle the person y00ove‘r |3ooy. ¿fitis broke», bit only to « •'*
Before we notice any other, we shall dispose of the question of jurisdiction. It is-contended on.fbe oppo-■ site, side, that the matter of complaint constitutes a set-off, ap'd that in all cases the chancellor has concurrent jxirisdiciion of discount-or set-off, with a court'of*. law. This latter assumption would be hard to establish as?a general rule, it is not correct, that the chancellor w.ili entertain jurisdiction in all cases of set-off,.yrhere -the party has a plain.redress-ab law, not bypleading-itt-onV ly,/but by an original action brought for that purpose* This court, by a current- of authorities, has-notisuppor-h edfsuch-jurisdiction, except in special cases, such* as where the matter sought to. be'disco’untod'forms .part of th-e^consideration of the original demand'again^^&Mj thévdiscount tsvp rayed, or -where- there 'has-* wsem^ffn agreement between the parties to make'Slieh setoffiyor fta*fhatter of set-off was-understood', at.-the‘.,tim& v»h.en< it afóse, as a partial payment of the origi-na'lffe'mandi,; or where-some circu instance, such .as-the insolvency or absence of the plaintiff at law* '‘obstructs.; the adhqtia:t,e; • remedy at law. In these and simiUm-cases-ogl^fha's . the jurisdiction of the chancellor ;heen maintained .by this court. It is sufficient now to observe, that theca.se offt-he defendant in error is not,attended, accñri|m|yh> his own bill, with any such .peculiar circumstancflfjior *156 is there any apology for omitting his'áction at law, upon the supposecPcontract'net tó exercise tRe same calling in Louisvrllé', and resorting to tile chancellor for redress. It would, then, be difficult to sustain the jurisdiction, even ifthe tnatfer claimed in this instance was a liquidated sum, proper to compose an^tem of set-off. Btft even this cannot be conceded. The court below seems to have.drawn the conclusion, that if there was such contract, and it was broken, the restoration of the three hundred dollars certainly followed. This is not a necessary or legitimate conclusion from the premises. The damages for the breach of such contract might be either less or more. This subject was discussed and decided between these same parties, when the judgments law now enjoined was before this court on an appeal, at Ociober term 1820. The damages to be recovered for the breach of such contract, are uncertain, and need liquidation in an action at law, before they xduldform a proper item of set-off. The chancellor, therefore, ought not first to liquidate, and then to discount them, when the proper tribunal is open for that purpose. We, of course, conceive that the jurisdiction assumed, cannot be supported on any point, which renders it unnecessary to say any thing on the other points made by the assignment of error.
3 Marsh. 31.
The decree must, therefore, be reversed with costs, and the cause be remanded, with directions to the court below to dismiss the bill with costs and damages.