## GUSTAVUS BEALL *vs.* ABRAM BROWN.

Where a non-resident plaintiff sues and recovers judgment in this State, and the defendant has a cross-action *at law* upon a warranty growing out of the same transaction; the mere fact that the plaintiff is a non-resident and will not consent to be sued in this State does not give a court of equity jurisdiction to restrain the execution of the judgment until the plaintiff will come into this State and consent to be sued here.

APPEAL from the Equity Side of the Circuit Court for Allegany county.

The bill in this case was filed by the appellant, for an injunction to restrain execution of a judgment recovered against him by the appellee upon a promissory note.

The allegations of the bill upon which the application for the injunction rests, are substantially: that the note which was the cause of action at law was given, under special circumstances, for a quantity of salted beef, warranted sound by the defendant when he knew it was not sound, and left with the complainant, as the latter understood, as *bailee*, or on commission for sale; but that at the trial at law, the jury, under instructions from the court, decided, that the transaction consti-

tuted a *sale* of the beef to the complainant, and that by the technical rules of law, he could not show a *partial failure* of consideration and was thereby deprived of the benefit of the set-off against the note, arising from the fact that the beef was unsound and did not sell for more than enough to pay costs of transportation to market; that defendant is a resident of Virginia, and designedly and fraudulently keeps beyond the limits of the State of Maryland, so that complainant is wholly unable to sue or arrest him and compel a legal adjustment of the matter, so that he is remediless in the premises.    The bill then prays for an injunction restraining the collection of the judgment at law by execution or otherwise, until the defendant shall have come within the State of Maryland and signified to complainant his presence and willingness to have a suit instituted against him, and have the matter adjusted at law or in this court, and if relief should be adjudged him in such suit, the amount thereof should be credited on the judgment and the injunction made perpetual to that extent.

The bill of exceptions taken at the trial at law, including the instructions granted by the court, was filed as an exhibit with the bill, and after answer and proof, the court below (PERRY, J.,) dissolved the injunction previously granted and dismissed the bill, and from this decision the complainant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Thos. J. McKaig* for the appellant, argued, that the jury, under the direction of the court, found the transaction was a sale, and the court decided, that Beall's remedy was at law by a cross-action on the warranty, and he could not, in that suit, offer in evidence the set-off, or show a partial failure of consideration for the note.    This decision is the law of this case, and cannot be collaterally reversed.    But Brown's *non-residence* deprived Beall of his remedy at law, and his equitable relief is therefore based on such *non-residence*, and not upon direction or misdirection of the court.    He is not here contending that

Beall vs. Brown.

the court gave any misdirection. He was not bound in law to ask for the set-off; he had his remedy by cross-action, and all he says now is, that he is not barred of that action by any thing which took place at the trial at law. It is not pretended that the merits of his set-off were passed upon by the court and jury, but only that the court closed the door against any such defence. The party having a right to set-off is not bound to make it; he may offer to make it, prove his set-off, and before the jury leaves the box may withdraw it and sue in a separate action. Much more then may he sue in a separate action when he was refused the liberty of making it. Beall does not say the court at law did him injustice, but he comes into equity because Brown is a *non-resident*, and he cannot enforce his remedy at law by a cross-action. Brown was a non-resident and was not in Maryland after the fraud was discovered, and Beall was not bound to follow him into Virginia to sue him there to divest the court of equity of jurisdiction, because he had a remedy at law; the remedy must be in the *law side of the same court*. It is no answer to say that Beall could have gone to Virginia and brought his suit there. That these facts give the court of equity jurisdiction, is established by the following authorities: 4 *Wash. C. C. Rep.*, 349, *Mayer vs. Foulkrod.* 6 *Dana*, 33, *Chamberlin, et al., vs. Stewart & Co.* Ibid., 363, *Smith vs. Field.* 1 *Bibb.*, 518, *Payne vs. Loudon.* 4 *Littell*, 154, *Collins vs. Farquar.* 7 *Monroe*, 455, *Tribble vs. Taul.* 5 *Littell*, 488, *Rowzee vs. Gregg.*

*Geo. A. Pearre* for the appellee, argued, that a complainant cannot obtain relief in equity, upon a judgment at law, upon the same state of facts, which, if believed by the jury in the trial at law, would have been a full defence to the action, and when he was not prevented by any rule of law or by the fraud of the plaintiff, or by the collusion of the plaintiff, from offering them in evidence to the jury. 6 *G. & J.*, 309, *Gott & Wilson, vs. Carr.* 11 *Do.*, 110, *Prather vs. Prather.* 1 *Johns. Ch. Rep.*, 98, *Simpson vs. Hart.* 3 *Do.*, 356, *Duncan vs. Lyon.* 7 *Cranch*, 336, *Marine Ins. Co., vs. Hodgson.* 2 *Story's Eq.*, sec. 894. 6 *Gill*, 402, *Methodist*

*Church vs. Mayor, &c., of Balto.* 22 *Maine Rep.*, 207, *Russ vs. Wilson.* Whether this transaction was a sale or bailment, the facts might have been given in evidence in mitigation of damages in the suit upon the note. If it was a sale and the consideration had partially failed, this partial failure could have been offered in evidence, and was available upon legal principles as a defence upon the note. *Story on Prom. Notes, secs.* 187, 190. *Chitty on Bills,* 77. 2 *Wend.*, 431, *Spalding vs. Vandercook.* 23 *Pick.*, 283, *Perley vs. Balch.* And though the appellee did, at law, make a prayer to the court the reverse of this position, which the court granted, yet this does not estop him to say in this case that this position is erroneous, because it is the right and duty of the court of equity to decide for itself whether the party's defence ought to have availed him at law. The court should decide the law correctly, and if it does not the party should have appealed. But this sale theory is not the theory of the appellant, either in the case at law or in this case. His theory was the special contract bailment case. The injunction asked for in this case is upon a judgment at law; if he could have defended that judgment at law as I have shown, he had no right to ask equitable relief upon the judgment, because he had a right to a cross-action upon a warranty growing out of the same transaction, the defendant being a non-resident.

Tuck, J., delivered the opinion of this court.

We are not to determine, on this appeal, whether the points of law submitted to the court, in the trial at law, were properly decided or not. Indeed, the counsel for the appellant contends that these rulings, whether correct or not, must be taken as the law of this case, and the present bill is framed on the assumption that they are correct, and that he had no remedy, except by a proceeding in equity, after the jury, under directions from the court, had found that the beef was sold to the appellant, and not left with him as bailee. But, as this view of the case concedes that he has a cause of action at law upon the warranty as to the quality and condition of the beef, for the purpose of giving this court jurisdiction of

the case, he shows that the appellee has always resided in another State, and cannot be reached by the process of the courts of Maryland, and the relief he asks is, "that Brown may be restrained, by injunction, from collecting his judgment, until he shall have come within this State and signified his presence and willingness to have a suit instituted against him, and have the matter adjusted at law or in this case."

The point, then, on which the question of jurisdiction turns is, whether the appellant is without adequate remedy at law, in the sense in which that doctrine of equity is to be understood. We have found no cases touching the question before us, except those from Kentucky, referred to on the part of the appellant; in some of which relief was granted, upon the principles of set-off, where one party proved insolvent, or was absent, by reason of which the remedy at law might be obstructed. It is not a general doctrine of that State, though enforced in special cases. *Collins vs. Farquar,* 4 *Littell,* 154. Upon the authority of these decisions it is quite probable that the present bill might be supported there, but we are not aware that the chancery jurisdiction here has ever been extended to such cases as the present.

The failure of remedy is not the want of jurisdiction at law over the subject matter, but because the party to be sued cannot be served by process in a proceeding *in personam,* and not *in rem.* It is true that the appellee belongs to another jurisdiction, but so did the appellant in respect to the appellee and his cause of action, yet he was obliged under the law to contend with the same difficulty which the appellant seems unwilling to meet—the prosecution of his debtor in the courts of his own State. It is a very grave suggestion that when a citizen of another State comes here to enforce a right, he shall be restricted to terms not common to our own citizens. Where the question relates to the law of the *forum* it depends on a different principle. But here the appellee has a judgment, rendered by a State court, which he seeks to collect by process of the same court, and this is denied to him, merely because being a non-resident of this State, he

will not consent to be sued here by the defendant in his judgment. Before the present constitution such a demand, if allowed, might have subjected him to the greatest inconvenience or hardship, for he might not have been able to have given the requisite bail in this State. The present state of the fundamental law does not alter the principle. Our laws have devised remedies in some cases, where the party charged absconds or is a non-resident; but it is not the office of a court of equity to supply all cases of omission by the statute or common law. The appellee rests upon his judgment at law. He does not ask the aid of equity, in which case a complainant will be required to do equity. Having come here to enforce a right and obtained a judgment, we do not perceive by what authority a court of equity can deny him the fruits of his judgment, because the defendant in that judgment has a cause of action at law against him, growing out of the same transaction on which the judgment was founded. If he had a subject matter of set-off, or a defence in mitigation of damages, or in bar of the action, he might have relied on it in the action against himself, and taken his appeal, if improperly rejected by the court, but if he prefers to treat it as a substantive cause of action, the non-residence of the party cannot give him a standing in court, as upon an equitable claim, when otherwise his remedy would be at law.

*Decree affirmed.*