FRANK M. FIELD, Defendant in Error, v. JOHN W. OLIVER, Plaintiff in Error.

1. *Arbitration—Award—Witness—Signature.*—Where an award of arbitrators was filed in the office of the clerk of the Circuit Court without having any witness thereto, and was afterward taken out and the attestation of a witness procured, such proceeding was held to be irregular and to receive no sanction from the law.
2. *Practice, Civil—Set-off—Insolvency of plaintiff.*—Where a demand sought to be set off by defendant against plaintiff's cause of action was certain and definite, and the insolvency of the plaintiff was admitted, the chancellor had jurisdiction to retain the matter and give full and final redress by decreeing a set-off or any other relief consistent and proper in the case.

*Error to First District Court.*

*Ryland & Son,* for plaintiff in error.

I. The award, not being witnessed by a subscribing witness when made, was not such as the statute authorizes the court to give judgment upon. (Gen. Stat. 1865, pp. 771–2, §§ 1, 6, 10, 11, 23; 1 Greenl. Ev. § 569; Call v. Dunning, 4 East. 54; Rex v. Harringworth, 4 Maule & S. 353.)

II. If the award was imperfect, or needed correction or amendment, the party in whose favor it was made should have given notice to the other and moved the Circuit Court for leave to amend or correct the same. (Same statute above cited; Newman v. Labeaume, 9 Mo. 29.)

III. The court erred in striking out that part of Oliver's answer setting up an equitable set-off. This answer averred Field's insolvency and showed his indebtedness to Oliver. There was, beyond a doubt, good ground for the interposition of the equity powers of the Circuit Court. (2 Sto. Eq. Jur. §§ 1436, 1436 *a,* 1437 *a,* 1438, 1439 *a,* 1440, 1441; Clark v. Cort, 1 Craig & Phil. 153–4; Rawson v. Samuel, *id.* 160; Pond v. Smith, 4 Conn. 302; Lindsay *et al.* v. Jackson *et al.,* 2 Paige, 581; Collins v. Farquar, 4 Litt. 154; Tribble v. Paul, 7 Monr. 455, 463; Jones v. Waggoner, 7 J. J. Marsh. 147; Murray v. Williamson, 3 Binn. 135; 2 Burr. 825; 4 *id.* 2220; 3 Mason, 138; 3 Johns. Ch. 574; 11 Verm. 96; 6 Paige, 118; 1 Dev. & B. Eq. 306; 6 Conn. 16.)

*Green & Rathburn,* and *Ewing & Smith,* for respondent.

I. The main objection of Oliver to the award was, that it was not attested by a subscribing witness until after the award was completed. This, we say, is immaterial; it may be attested at any time before the judgment is entered. (Newman v. Labeaume; 9 Mo. 35; Gen. Stat. 1865, p. 772, § 10; 9 Mo. 34.)

II. The notice required by law to be served before the award is confirmed by the court was given. (Gen. Stat. 1865, p. 771, § 8.)

WAGNER, Judge, delivered the opinion of the court.

This was a motion in the Lafayette Circuit Court to have an award of arbitrators made a judgment of that court. The motion was made by Field. Oliver appeared and filed his answer to the motion, setting up the ground that the award was not such as by statute would authorize the court to render judgment upon it, because the same was not attested by a subscribing witness, as the statute requires. The answer further set up, as an equitable defense, that Field was indebted to Oliver on two several promissory notes, which were not included in the submission and award, and which were for a greater amount than the sum awarded by the arbitrators; and that Field was wholly insolvent, so that the collection of the notes could not be enforced by suit or legal process. This answer was stricken out by the court, and judgment given on the award in favor of Field. Oliver appealed to the District Court, where the judgment was affirmed. It appears that the award was filed in the office of the clerk of the Circuit Court, without having any witness thereto, and was afterward taken out by Field, who procured a person to attest the same as a witness. Oliver alleges that this was done without authority and fraudulently, for the purpose of obtaining a judgment and forcing him to pay the money unjustly.

The statute provides that where the award shall be imperfect in some matter of form not affecting the merits of the controversy (and where it had been a verdict, such defect could have been amended or disregarded by the court), any party to the submission may move the court to modify or correct the same. Until the attestation of a witness to the award, it was incomplete, but it was competent to have the defect remedied by order of court. The action of the party, however, in taking the award from the clerk's office, where it was deposited, of his own motion and at his own pleasure, and obtaining the signature of a witness, was irregular, and receives no sanction or countenance from the law.

The remaining question is whether Oliver had the right to have his notes presented as an offset against the amount awarded to Field by the arbitrators. At law the defense could not be allowed,

and the mere existence of cross-demands will not be sufficient to justify a set-off in equity. A set-off is ordinarily allowed in equity only when the party seeking the benefit of it can show some equitable ground for being protected against his adversary's demand. (2 Sto. Eq. Jur. § 1436.) Where the party has a plain redress at law, not merely by pleading, but by an original suit, a court of chancery will generally refuse to assume jurisdiction. Nor will equity take cognizance of a case, or extend its jurisdiction, to sustain, as a set-off, a sum so uncertain as to require a jury to be impaneled to liquidate it. But where the demand sought to be set off is certain and definite, and the insolvency of the adverse party is admitted, the chancellor has jurisdiction to retain the matter and give full and final redress by decreeing a set-off or any other relief consistent and proper in the case. (Collins v. Farquar, 4 Litt. 154; Jones v. Waggoner's Adm'r, 7 J. J. Marsh. 144.) The rule is founded in reason and justice, and will be enforced when a proper case is made out justifying its application. Now, it would be inequitable that Field should recover satisfaction against Oliver for his demand, leaving Oliver to pursue his remedy against Field, when from the intervention of insolvency no satisfaction of the demand against Field could be obtained.

In such a case the interposition of the equitable jurisdiction of the court is indispensable to do justice between the parties. The judgment will therefore be reversed and the cause remanded. The other judges concur.