(Decided 4th March, 1870.)

---

## MAJOR S. FLETCHER vs. WILLIAM H. HOOPER and ALFRED J. MOBRAY.

*Equity Jurisdiction — Right of a Party injured by a Felony, to maintain a Civil Action against the Offender.*

The iron safe of A was robbed of a large amount of coin and United States compound interest notes, and of one United States bond. B was arrested, charged with the felony, and lodged in jail. Before he was brought to trial, he succeeded in making his escape, and was not again heard of. At the time of his arrest, he had about his person several hundred dollars, which was taken possession of by the sheriff, and, with the exception of a small sum, retained by him. B also owned some real estate in the county where the robbery was committed; this, together with the money in the possesion of the sheriff, A sought to reach through the intervention of a Court of Equity. HELD:

That a Court of Equity had no jurisdiction to grant relief; but that if the money and United States bond were taken by B, as charged, he was liable to A in a civil action, in virtue of section 192, Article 30 of the Code of Public General Laws.

The absence of a party beyond the reach of process at law, does not of itself, without reference to the subject-matter of the suit, confer jurisdiction upon a Court of Equity.

APPEAL from the Circuit Court for Dorchester County, in Equity.

Fletcher *vs.* Hooper and Mobray.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*Daniel M. Henry,* for the appellant.

The appellant's remedy is in equity—not on the ground of Hooper's non-residence, but because there is no adequate remedy at law. Equity will always interfere where there is not a plain, adequate and complete remedy at law; or where the remedy at law is doubtful. *Story's Eq. Juris.,* sec. 53; *Brooks vs. Brooke, &c.,* 12 G. & J., 320, 321; *American Ins. Co. vs. Fish,* 1 *Paige's Ch. Rep.,* 92; *Brown vs. Brown,* 1 *Barbour's Ch. Rep.,* 217; *Rathbone vs. Warren,* 10 *Johnson,* 596; *Hughes vs. Jones,* 2 *Md. Ch. Dec.,* 187, 189.

Attachment could not be resorted to—*first.* Because the appellant's claim does not arise *ex contractu. Wilson & Co. vs. Keedy, &c.,* 8 *Gill,* 195; *Drake on Attach.,* sec. 10; *Piscataqua Bank vs. Turnley,* 1 *Miles,* 312; *Elliott vs. Jackson,* 3 *Wis.,* 649.

*Secondly.* Because attachment could not reach the money in the custody of the sheriff. *Drake on Attach.,* secs. 503, 506; *Robinson vs. Howard,* 7 *Cushing,* 257; *Morris vs. Penniman,* 14 *Gray,* 220; *Farmers' Bank vs. Beaston,* 7 G. & J., 421; *Glenn vs. Gill,* 2 *Md.,* 18.

Even if Hooper were within the jurisdiction of the Court, there would not be any civil action or multiplicity of civil actions which would afford an effectual remedy to the appellant. The money in the sheriff's hands not being the identical money taken, could not be recovered in replevin; and general judgment in trover, trespass or any other action, would only result in a writ of *fieri facias* or attachment, by way of execution, neither of which would reach money in the custody of the law. *Padfield vs. Brine,* 3 *Brod. & Bing.,* 294; *Harding vs. Stevenson,* 6 H. & J., 264; *Evans' Prac.,* 469.

If an attachment would lie against the land, it would still be necessary to resort to equity, in order to affect the money. This would involve a multiplicity of suits, and a party will not be allowed to prosecute at the same time, two suits in dif-

ferent Courts to recover different portions of the same claim. *Brooks vs. Brooke,. &c.*, 12 *G. & J.*, 320; *American Ins. Co. vs. Fish*, 1 *Paige's Ch. Rep.*, 92; *Hall & Gill vs. Clagett*, 2 *Md. Ch. Dec.*, 151.

The only effectual remedy at law, was that which has existed for a long time, and which is recognized in the Code, viz: judgment of restitution and reparation after conviction of the burglary. The appellant was prosecuting this with due diligence, and it was lost without his fault by the *accident* of Hooper's escape. *Watm's Arch. Crim. Prac. and Plead.*, 192, *n.*: *Powell's case*, 7 *C. & P.*, 640; *Code, Art.* 30, sec. 21, 192.

Equity has undoubted jurisdiction in cases where the remedy at law has been lost by accident. *Story's Eq. Jur.*, sec. 109; *Brooks vs. Brooke, &c.*, 12 *G. & J.*, 320, 321.

*C. F. Goldsborough, S. T. Milbourne* and *James Wallace*, for the appellees.

BRENT, J., delivered the opinion of the Court.

It appears that the storehouse of the appellant, in the town of East New Market, Dorchester county, was broken into, in May, 1866, and an iron safe therein, belonging to him, robbed of a large amount of coin and United States compound interest bearing notes, and of one United States bond. William H. Hooper, one of the appellees, is charged with the robbery. Some time after it occurred he was arrested therefor, and placed in jail. Before he was brought to trial he succeeded in escaping, and has not since been heard of. At the time of his arrest he had about his person several hundred dollars, which was taken charge of by the sheriff, Mobray, the other appellee, and is still, with the exception of about thirty dollars, in his possession. He also owns some real estate in Dorchester county, and this, as well as the money in the hands of the sheriff, it is sought to reach through the intervention of a Court of Equity.

Fletcher vs. Hooper and Mobray.

The bill was dismissed by the Court below for the want of jurisdiction, and from their order of dismissal the present appeal was brought up.

If the money and United States bond mentioned in the bill were taken by Hooper, as charged, we think there is no doubt of his liability in a civil action to the appellant. This liability is secured by the latter part of section 192, Article 30, 1 Code, 250, which provides: " But nothing herein contained shall be construed to deprive the party injured from having and maintaining a civil action against such offender, either before or after conviction, or against any other persons, for the recovery of the money received or property taken, or the value thereof." Courts of Law, however, and not equity, are the proper tribunals in which actions for that purpose are cognizable. They furnish a full and complete remedy for the cause of action stated in the bill. In an action for damages for a *tortious* taking and conversion or an action upon an implied *assumpsit*, waiving the *tort*, the appellant can recover full and ample compensation for the injury he has sustained.

The bill discloses no sufficient ground to support the jurisdiction of a Court of Equity to grant relief. It does not set up any pretence even of a lien on the property or money in question which equity might enforce, but proceeds upon the ground that the appellant is entitled to relief, because Hooper has escaped, and cannot be reached by any process of the Court in an action at law. The entire argument of the counsel for the appellant rested upon this allegation, and for this reason alone it was contended he had no adequate remedy at law. If the mere absence of a party beyond the reach of process at law conferred jurisdiction, without reference to the subject matter of the suit, Courts of Equity would often become involved in hearing and deciding questions of *torts* and damages which have heretofore been considered as exclusively for Courts of Law. A doctrine leading to such a result cannot be sanctioned, and we have been referred to no case in which it has ever been recognized.

This question does not now arise for the first time in this Court. It was presented in the case of *Beall vs. Brown,* 7 *Md.,* 393, and the Court there held that the non-residence of a party will not give jurisdiction to a Court of Equity.

We therefore concur with the ruling of the Judges below, and think they were right in dismissing the bill for want of jurisdiction. The decree will, accordingly, be affirmed.

*Decree affirmed.*

(Decided 4th March, 1870.)