JOHN A. CHIPMAN *vs.* LUKE W. FOWLE & others.

Middlesex. January 12. — February 21, 1881. COLT, J., absent.

No exception lies to the refusal of a judge, in the exercise of his discretion, to allow a set-off of one judgment against another, in cases where a set-off is not a matter of right under the statutes of the Commonwealth.

CONTRACT upon a bond to. dissolve an attachment, signed by Henry M. Beals as principal, and Henry F. Woods and Luke W. Fowle as sureties, in an action in favor of the plaintiff against Beals, and in which judgment was recovered, on December 12, 1878, for $800 damages and $61.21 costs of suit. Trial in the Superior Court, without a jury, before *Pitman*, J., who allowed a bill of exceptions in substance as follows :

On May 13, 1880, judgment was entered for the plaintiff for $5000, the penalty of the bond declared on. At the same time, a petition was filed by Beals, in which he represented that the plaintiff was justly indebted to him in the sum of $1340.73 ; that this debt was due to him prior to the recovery of the judgment by the plaintiff in which the bond in suit was given ; that, on December 5, 1878, he brought an action upon said claim against the plaintiff ; that the latter appeared and filed a declaration in set-off ; that, on February 10, 1879, the case was sent to an auditor, by order of the court, who reported, on April 19, 1879, in favor of the plaintiff therein for $1282.89 ; that due diligence was used in bringing said action to trial; that, at October term 1879, upon a trial by jury, judgment was entered against Chipman for $1311.26 damages and $29.47 costs of suit ; that the plaintiff had no other claim against Beals individually

that Woods and Fowle, his co-defendants, were willing and desirous that Beals should set off his judgment against the plaintiff against the judgment obtained in this case against them and Beals; that Chipman was insolvent at the time he brought his first action against Beals, and so continued to the present time; that the cause of action, upon which Beals's judgment against Chipman was founded, existed at the time of and before the cause of action arose upon which said Chipman brought his action against Beals. Beals moved that so much of the judgment in his favor in the action against the plaintiff as should be equal to the debt and costs of suit recovered by Chipman against the defendants in this action might be set off against the same, and that all further proceedings therein might be stayed upon his entering upon the record of the court a remittance of so much of the damages recovered by him in his action.

Upon said motion coming on to be heard, the attorneys for the plaintiff appeared and opposed the petition, claiming to be assignees of his judgment in this case under two assignments, dated December 14, 1878, and April 14, 1879, in consideration of their services rendered and to be rendered to Chipman, notices of which assignments were given to the defendants on April 21, 1879; representing that Chipman was indebted to them in the sum of $842.20; and contending that they were the actual owners of the judgment, and that it could not be legally set off against the other judgment.

The plaintiff, at the time of the assignment, was insolvent in fact, but not in insolvency. At the trial of the original action of Chipman against Beals, the latter testified that Chipman owed him $1500; and in the action of Beals v. Chipman the defendant filed an account in set-off for several hundred dollars due him. The claimants were his counsel in that action.

The judge found as a fact that the claimants, at the time of taking the assignment, had reasonable cause to believe that Chipman was insolvent, and that they took the assignment because they feared they should not otherwise obtain pay for their services; that the assignments were received by them in good faith and for their own protection; that notice of the assignments was given to the defendants before judgment was obtained by Beals against Chipman; and, " deeming the whole matter one

of judicial discretion under all the circumstances of the case, overruled the motion to set off the judgments." The defendant Beals alleged exceptions.

*A. Cottrell*, for the defendant.

*H. F. Buswell & C. H. Walcott*, for the plaintiff, were not called upon.

LORD, J. So far as set-off is matter of right between parties, the Gen. Sts. *c.* 130; *c.* 126, §§ 2, 3, 5; and *c.* 146, § 34, have determined those rights. The set-off claimed in this case does not come within any one of the various provisions regarding set-off defined by those chapters. Assuming that there is a jurisdiction in courts in which judgments are recovered to direct a set-off of judgments owned by different parties, and that this power "rests upon their jurisdiction over suitors in them and their general superintendence of proceedings before them;" *Ames* v. *Bates*, 119 Mass. 397; *Makepeace* v. *Coates*, 8 Mass. 451; *Greene* v. *Hatch*, 12 Mass. 195; it is a power vested in the discretion of the court, and the exercise of it as a discretionary power is not subject to revision. This was the view taken of it by the presiding judge in this suit, for he reports the case expressly in that view. He does not profess to state the grounds and reasons for the exercise of his discretion, except as they may appear incidentally and collaterally; so that if, as matter of law, there might be circumstances which should require the set-off to be allowed, those matters of law as such have not been ruled upon by him, and the matter should go back to him to be passed upon as a question of law, and not as a question of discretion. But, it appearing that, as matter of law, he was not bound to allow the set-off, his decision cannot be revised; and this determines the only matter of law raised at the trial, to wit, whether the question of allowing the set-off is one of law, upon which the parties' rights are fixed by law, or whether it is a question to be determined by the exercise of a sound discretion. That is a question of law which we must decide, and we therefore cannot dismiss the exceptions as raising no question of law; and, as that question was decided rightly, the exceptions must be

*Overruled.*