WILLIAM E. DONNELL

*vs.*

PORTLAND AND OGDENSBURG RAILROAD COMPANY, AND DENNIS W. CLARK and another, trustees.

Cumberland.   Opinion February 23, 1884.

*Trustee process.*

At the time of the service of the writ on the alleged trustees, they, as a firm, were indebted to the principal defendant railroad company in the sum of $607.58 for freight. Prior to such service the railroad company gave its note for the payment of $350, amply secured, to one of the members of the firm, payable after such service but before the disclosure. At maturity of the note, by agreement between the payee and the railroad company, its amount was credited upon the firm's indebtment to the company; and the note, with the collateral security, was surrendered to the company. *Held*, that the trustees be charged for the whole amount of their indebtment to the company, without deducting the amount of the note.

*Ingalls* v. *Dennett*, 6 Maine, 79, commented upon.

ON EXCEPTIONS from the superior court.

The facts are stated in the head note and opinion of the court.

*W. L. Putnam*, for the plaintiff, cited: *Hathaway* v. *Russell*, 16 Mass. 476; *Smith* v. *Stearns*, 19 Pick, 22; *Chipman* v. *Fowle*, 130 Mass. 354; *Peirce* v. *Bent*, 69 Maine, 386.

*Haskell and Woodman*, for the trustees.

The case shows the writ to be against *Dennis W. Clark et als.* severally, as alleged trustees, and not against any firm of which Clark is a member.

I.   If Clark is chargeable at all, it is only on account of the

$607.58, for which his firm, composed of himself and Ashbel Chaplin, was indebted to the principal defendant, and the firm not having been summoned, Clark as a partner thereof should not have been charged. *Warner* v. *Perkins and Tr.* 8 Cush. 518.

II. At the time of service on Clark, he was the payee in a note for $550.00 given by principal defendant to him, for which he held bonds as collateral, and which note he had discounted at the bank by indorsing it, and thereby became liable to see the same paid at maturity. If he had not discounted the note, he could have offset the same in this proceeding against his firm's said debt, even though the trustee process had been against his firm. *Eaton* v. *McKown*, 34 Maine, 510.

Had the principal defendant sued its account against Clark alone, as plaintiff has done, he might have sued the note when it fell due, and offset the judgments or executions, and ought not to be put in a worse position by this suit. It should be competent for the parties to do voluntarily what the law would accomplish for them if appealed to. *Houghton* v. *Houghton*, 37 Maine, 72.

The indebtedness still continued, and in an equitable proceeding like the present, Clark ought to be at liberty to avail himself of it in payment of his firm debt as against the plaintiff. *Boston Type Foundery Co.* v. *Mortimer*, 7 Pick. 166 ; *Smith* v. *Stearns*, 19 Pick. 20.

III. The bonds held as collateral for the note, cannot be held on trustee process. *Smith* v. *K. P. R. R. Co. and Tr.* 45 Maine, 547 ; *Bowker* v. *Hill*, 60 Maine, 172.

VIRGIN, J. The disclosure of Clark shows that the two supposed trustees were and are in fact the sole members of a partnership, although they are not described as such in the writ. Service, however, was properly made on each of them. *Hutchinson* v. *Eddy*, 29 Maine, 91 ; *Warner* v. *Perkins*, 8 Cush. 518.

The disclosure also contains a statement of the accounts between the firm and the principal defendant, from which there appeared, at the date of the service of the writ, a balance of six hundred seven dollars and fifty eight cents in favor of the latter.

The supposed trustees were, therefore, properly charged for that sum by the court below, unless they should have been allowed to deduct the amount of the note given by the principal defendant to Clark individually.

The note was given prior to the service of the writ on the supposed trustees, although it was not then payable; but it matured and was credited on the account by the parties, before the disclosure. If it had been due when the writ was served, and Clark had retained possession of it, it might have been set off, *pro tanto* against the firm's indebtedness; for each partner being liable for his partnership's debts may discharge them with his individual funds, if he so elect. *Robinson* v. *Furbush,* 34 Maine, 509.

Nor would the mere fact that the note was not due when service was made necessarily prevent the set-off, provided it was given, prior thereto, and was payable before the disclosure. To be sure it is generally true that a trustee's liability depends on the state of facts as it existed when the process was served on him. But this rule is not universally applicable. Some apparent liability may be necessary at that time; but it may be materially modified and even wholly discharged by subsequent events on the score of equitable set-off, *Marrett* v. *Equitable Insurance Co.,* 54 Maine, 537, 539; *Smith* v. *Stearns,* 19 Pick. 20, 23, where the exception is variously illustrated by SHAW, C. J. Moreover it has been held that where a supposed trustee, when the process was served on him, was indebted to the principal defendant, but he had previously, at the request and for the benefit of the defendant, indorsed without indemnity the latter's note which, the defendant having failed, he was legally compelled to pay, the trustee might be allowed to set off the sum paid on the note against the apparent indebtedness. *Boston T. and S. F. Co.* v. *Mortimer,* 7 Pick. 166. And the reason assigned was that if the principal had sued the trustee, although the latter's claim not being then due could not be filed in set-off yet, if at any time before judgment, the plaintiff in the suit had become indebted to him for money paid on a liability incurred before the suit, which the plaintiff had failed and was unable to pay, the

court would grant him a continuance, that he might bring a cross-action so as to have a set-off of judgments or executions, unless there should appear some special cause for refusing such relief. Were it otherwise a trustee's claims might be prejudiced by being made a party, and having them drawn in to be incidentally settled, in a suit between other persons. *Hathaway* v. *Russell*, 16 Mass. 476.

This power of setting off judgments has long been practiced by courts. It depends on no positive statutory provision but is said to rest upon their jurisdiction over suitors and their general superintendence of proceedings before them. *Mitchell* v. *Mafield*, 4 T. R. 123 ; *Makepeace* v. *Coates*, 8 Mass. 451 ; *Peirce* v. *Bent*, 69 Maine, 381, and the numerous cases there cited. The application of the doctrine not being founded on any statute or any fixed imperative rule of common law, is addressed to the discretion of courts which they will exercise on a careful consideration of all the facts and circumstances involved in order to promote substantial justice and protect the rights of all parties. *Chipman* v. *Fowle*, 130 Mass. 352. Thus in *Boston T. and S. F. Co.* v. *Mortimer*, *supra*, PARKER, C. J., said : "This decision will not reach the case of a liability incurred after the service of the writ, or where the effect of the liability may be avoided by reasonable diligence on the part of the person liable, to procure payment of the debt by the principal ; but we confine it to such a case as we have before us, in which there was actual liability before the service of the writ and an actual payment by necessity before the answer."

In the case at bar, we perceive no equitable considerations which should induce a court, seeking to protect the rights of all parties, to authorize these trustees to deduct from their indebtedness to the company the amount of the note given by the latter to Clark. The original note was given for a loan to be sure ; but it had been repeatedly renewed and it was amply secured. The payment of this note or any of its predecessors could have been enforced at any time ; and hence there is no special reason for allowing the set-off, especially since such a proceeding would entirely ignore the rights of the plaintiff. Such a result would

become a precedent for a corporation whose managers might be disposed thereto, to secure from foreign attachment all moneys due from persons doing business over its road, and thereby without violating the law, delay its creditors.

If Clark has surrendered his note and security to the corporation, he did it voluntarily and with unnecessary promptness. Had he waited until his rights had been legally determined on the writ to which he was made a party, his interests would have been more satisfactorily protected, perhaps, than they seem to have been *sua motu*. *Parker* v. *Danforth*, 16 Mass. 300, 305.

We are aware that the drift of this opinion is in conflict with that in *Ingalls* v. *Dennett*, 6 Maine, 79 ; for since the provisions of R. S., c. 86, § 64, went into effect, we do not think a trustee should be charged on a state of facts stated in that case. *Marrett* v. *Eq. Ins. Co.* 54 Maine, 537, 540.

*Exceptions overruled.*

APPLETON, C. J., WALTON, PETERS, LIBBEY and SYMONDS, JJ., concurred.