Dickman, J.
The principal question that arises in determining the rights of the parties in the case at bar is, whether The National Exchange Bank is entitled to have the judgments it recovered against The Ohio Shoe Company set off against the judgment recovered against it by Barbour, as receiver of the shoe company.
At the time of the appointment of the receiver, on June 8th, 1878, the notes upon which the bank afterwards recovered judgments had not matured, and hence no cause of action thereon had then accrued.
The shoe company had not availed itself of the right under section 5198 of the Revised Statutes of the United States, to recover back, in an action in the nature of an action of debt, twice the amount of the interest paid to the bank. The right to the amount recoverable as and for a penalty against the bank had not then become vested. As said in Oriental Bank v. Freese, 18 Maine, 112. “When a party, by the statute provisions, becomes entitled to recover a judgment in the nature of a penalty, for a sum greater than that which is justly due to him, the right to the amount, which may be so recovered, does not become vested till after judgment.” And until there was a change in the nature of the cause of action of the shoe company, there could be no statutory set-off of the shoe company’s claim. Under section 5075 of the Revised Statutes, “A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract, or ascertained by the decision of a court.” But in an action authorized by the national banking act of 1864, to recover back from the bank, as penalty, twice the amount of interest paid, the cause of such action does not arise upon contract within the meaning of section 5075, and, therefore, is not *98 available as a set-off. Hade v. McVay, 31 Ohio St., 231. The receiver, therefore, could not have set-off the demand for twice the interest paid, against the claims of the bank, as such demand was not a cause of action arising upon contract; and the bank, it is contended, could not, as defendant,-have set off its claims against the demand of the receiver, in an action that was not founded on contract.
But, after the appointment of a receiver, the respective demands of the bank and shoe company were put into-judgment, and thereafter they stood on a level as subjects, of equitable set-off, whether arising on contract, or growing out of a forfeiture or penalty. The provisions of the statute relating to set-off, do not, in terms, apply to the set-off of one judgment against another; but doubtless those provisions will be applied whenever they are in their nature applicable, upon careful consideration of all the circumstances of the transaction out of which the judgments arise. Diehl v. Friester, 37 Ohio St., 473. In Holmes v. Robinson, 4 Ohio, 90, the court say: “The practice of setting off one judgment against another, between the same parties, and due, in the same rights, is ancient and well established.”' In Ramsey's Appeal, 2 Watts, 230, Gibson, C. J. observes: “Judgments are set off against each other not by force of the statute, but by the inherent powers of the courts immémorfelly exercised.” The practice of thus setting off one judgment against another is addressed to the discretion of the court; and being discretionary, the propriety of its exercise cannot be questioned on appeal. Davidson v. Geoghagan, 3 Bibb. 233; Scott v. Rivers, 1 Stew & Port. 24; Biirnssr. Thornburgh, 3 Watts, 78; Tolbert v. Harrison, 1 Bailey, 599; Coxe v. State Bank, 3 Halst. 172; Simpson v. Lamb, 40 Eng. L. & Eq. R. 59 (Q. B.); Chipman v. Fowle, 130 Mass. 352.
The doctrine is distinctly stated in Chandler v. Drew, 6 N. H. 469, that, when the mutual claims of parties have passed into judgments, it is the practice of courts to set off one judgment against another; that this practice does not rest upon any statute, but upon the general jurisdiction of courts over the suitors in them; and that it is an equitable- *99 jurisdiction, frequently exercised. And, as before suggested, demands which in their nature cannot be made the subject ■of set-off, such as demands arising upon personal, torts, as ■soon as they are put into judgment, are placed upon the ■same legal footing as all other judgments, irrespective of the nature of the action in which they were recovered; or, in other words, all the peculiar features which may have ■characterized a claim are at once lost sight of, and merged when judgment is perfected on it, and the demand takes rank equally among all other judgments. Temple v. Scott, 3 Min. 419; Sampson v. Hart, 14 Johns. 63.
Such equitable considerations as are usually deemed sufficient by courts for setting off judgments against each other, exist, we think, in the present case. The judgments of the parties are subsisting and unsatisfied claims; they were rendered in the same court; the interests of virtually the same parties are involved; and the shoe company is conceded to be insolvent. In Diehl v. Friester, supra, it is said in the opinion of the court, “Even the fact that the judgments are in different courts, one for a tort and the other on contract, ■and some of the parties in one case were not parties in the other, does not necessarily afford an inseparable objection to ■such set-off.”
The insolvency of the party, against whom the set-off is claimed, is recognized in numerous authorities, as a sufficient ground for the exercise of the jurisdiction of a court of ■equity in allowing a set-off in cases not provided for by they statute, and that too, although the demands on both sides are not liquidated by judgment or decree, so as to authorize a set-off upon a summary application by motion.
In Lindsay v. Jackson, 2 Paige, 581, in which there is a review of authorities, the complainants, in May, 1831, gave to the defendants two negotiable promissory notes, for the sum of about $1,500 each, payable in six months, without interest. About the same time the defendants became indebted to the complainants, on an acceptance for $4,000, payable on the 13th of June. A few days before this acceptance became due, the defendants became insolvent, and stopped payment. In July, 1831, the complainants filed *100 their bill in the cause to restrain the defendants from negotiating or transferring the notes; and praying that the amount-to become due thereon might be set off, or applied in part satisfaction of the $4,000 due on the acceptance. An injunction having been granted, according to the prayer of the bill, the vice-chancellor denied a motion for a dissolution of the same, and Chancellor Walworth affirmed the decision of the vice-chancellor. See also Gay v. Gay, 10 Paige, 369, referring to Lindsay v. Jackson.
In Pond v. Smith, 4 Conn. 302, the Supreme Court held that the insolvency of one of the parties was a sufficient ground for the interference of a court of chancery to offset mere legal demands against each other, although they were so situated as to be incapable of being set off at law; and that the complainant ought not to be left to pursue his legal remedy against the defendants, when, from their insolvency, no satisfaction of his demand could be thus obtained.
In Collins v. Farquar, 4 Litt. 153, the Court of Appeals of Kentucky recognized the principle that the insolvency of the defendant will, in equity, give the court jurisdiction to decree a set-off of a demand against him, which might be recovered in an action at law, if he was solvent.
In White v. Wiggins, 32 Ala. 424, it was held, that one legal demand may be set off against another in equity, when the defendant is insolvent.
In Field v. Oliver, 43 Mo. 200, it was said by the court, that where the demand sought to be set off is certain and definite, and the insolvency of the adverse party is admitted) the chancellor has jurisdiction to retain the matter and give full and final redress by decreeing a set-off or any other relief consistent and proper in the case; that the rule is founded in reason and justice, and will be enforced when a proper case is made out justifying its application.
The same doctrine is declared in many other cases, but it is unnecessary to cite or collate them.
It is urged, however, that although as between the bank and the shoe company, the one might have set off its judgments against that of the other if there had been no receivership, yet, after the appointment of a receiver, the *101 claims of creditors supervened, and such right on the part of the bank no longer existed. Granting that before and at the time of the receiver’s appointment, there was no right, under the statute, to set off the bank’s claims against that of the shoe company for excessive interest paid, in our view, an equitable set-off then existed which the appointment of a receiver did not impair. The rule, that an equitable off-set which the debtor of an insolvent corporation has at the time the corporation stops payment, is not altered by the appointment of a receiver, is well settled. Miller v. Receiver of Franklin Bank, 1 Paige, 444; Matter of the Receiver of the Middle District Bank, 1 Paige, 585. Any defense or set-off which the debtor might have urged in an action brought against him by the corporation itself, may still be made in an action brought against him by the receiver. High on Rec. § 318. The shoe company at and prior to the appointment of the receiver was insolvent, and if before the receivership the shoe company, while thus insolvent, had sued the bank to recover the penalty for taking excessive interest, and if the bank could not then have had the right of set-off under the statute, yet, on just and equitable grounds, and upon a proper valuation of the bank’s claims not matured, we think the bank would have been entitled to an equitable set-off against the claim of the shoe company. Nor would such an equity in favor of the bank have ceased to exist, because’ afterwards a receiver came in to wind up the affairs of the insolvent shoe company.
The argument, that by allowing the judgments to be set off, the fund for the benefit of the creditors of the shoe company will be thereby diminished, resulting in an inequality of distribution among the creditors, does not commend itself to us. Upon equitable grounds, we may apply the language of the vice-chancellor, in the matter of the Receivers of the Globe Insurance Company, 2 Edw. Ch. 625 : “ A set-off in such case is not a means of paying one debt in preference to other debts which the bankrupt or insolvent owes; for, to the extent of the demands set off or compensated, there was no debt—from the moment they were con *102 tracted, they extinguished each other. Hence, the operation of the set-off is, not to pay, but to ascertain a debt made up of the difference between the amounts of respective debits and credits.” So far as it concerns the diminution of the resources of the shoe company for the payment of its obligations, its assets for that purpose would be none the less by reason of a set-off of the bank’s judgments, than they would be if the bank, prior to the receivership, had exercised its right of voluntarily crediting on its claims twice the amount of interest it had received, and paying the balance.
Without attempting to determine the relations of the parties in the forum of conscience, it is quite manifest, that in a pecuniary point of view, the other creditors of the shoe company received no appreciable detriment from the dealings of the company with the bank. The shoe company recovered judgment for twice the interest it ever paid, and thus secured a clear gain equal to the amount of interest stipulated, and in addition, had substantially without charge the use of all the money borrowed of the bank. Instead of decreasing the assets of the shoe company, the transactions with the bank operated rather to increase the same.
After the judgment in favor of the receiver was affirmed by the Supreme Court, the bank filed its motion in the court of common pleas, in the action in which the judgment was rendered against it, to have the judgment for $2,200.98 in its favor against the shoe company set off against the judgment in favor of the receiver. That motion was overruled, and the court refused to allow the set-off. It is now contended that the decision of the court in overruling the motion was res judicata, and hence, that the circuit court, in the present case, erred in allowing the judgment to be set off. Whether the court of common pleas erred in overruling the motion of the bank, is a question now pending in this court on petition in error in another case—No. 2244 on the General Docket. The right of the bank, therefore, to set off against the judgment recovered by the receiver not only the judgment for $2,857.38, but also that for $2,200.98, is directly before us for determination. How far the adju *103 dication of the court of common pleas on the motion of the bank to set off the judgment was conclusive upon the circuit court, we do not deem it necessary to decide in determining the rights of the parties to this action.
For the reasons stated, we are of the opinion that the judgment of the circuit court was right, and should be affirmed.

Judgment of affirmance.