OLD COLONY TRUST COMPANY *vs.* NATIONAL NON-THEAT-
RICAL MOTION PICTURE BUREAU, INC. & others.

Suffolk. January 14, 1931. — January 29, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Attorney at Law,* Lien. *Assignment. Equity Jurisdiction,* Equitable
set-off.

A promissory note, given in 1925 and payable on demand, was protested for
nonpayment in June, 1928. On March 15, 1929, the maker of the note
assigned a claim which he had against the payee and for which an action
was pending, to an attorney at law for legal services rendered and to
a woman for money lent. In September, 1929, interest was paid on the
note to March 1, 1929. The maker obtained judgment and execution
in the action against the payee of the note for a sum less than that
due from him to the payee on the note. In a suit in equity com-
menced in October, 1929, by the payee against the maker to set
off the amount of the note against the amount found to be
due in the action, the assignees were permitted to intervene. The
trial judge found that the plaintiff was not guilty of laches; that he
had not waived the demand made at the time when the note was
protested; and that the set-off sought by him was necessary to pro-
tect his just rights. A final decree was entered dismissing the inter-
vening petitions of the assignees, and ordering judgment and execu-
tion to issue against the maker of the note for the difference between
the amount due on the note and the amount of the execution in the
action by him. Upon appeal by the maker and the assignees, it was
*held,* that
    (1) The acceptance by the attorney of the assignment was in-
consistent with any right he otherwise might have had to enforce a
lien and was a waiver thereof;
    (2) Even though the plaintiff was not entitled to the set-off as of
right, the trial judge in his discretion properly might order that it
should be made;
    (3) In the circumstances, no error appeared and the final decree
was affirmed.

BILL IN EQUITY, filed in the Superior Court on October
30, 1929, and afterwards amended, described in the opinion.

Petitions by John J. Walsh and Belle S. Davis to inter-
vene were allowed. Material findings by *Whiting,* J., at
the two hearings of the suit by him, one before and one

after the allowance of the petitions to intervene, and a final decree entered by his order are described in the opinion. The defendant and the intervenors appealed.

*John J. Walsh,* for the defendant and the intervenors.

*W. S. Patterson,* (*A. G. Ferdinand* with him,) for the plaintiff.

SANDERSON, J. This is a bill in equity brought for the purpose of setting off the amount found to be due the plaintiff on two promissory notes, made by the defendant corporation and payable to the plaintiff or order, against any sum found due the defendant from the plaintiff in an action pending in the Superior Court for the county of Suffolk. The defendant denied certain allegations in the bill and set up the defence of laches of the plaintiff in failing to assert its rights at the trial of the action referred to, and the further defence that the defendant by an instrument in writing on or about March 15, 1929, assigned its claim against the plaintiff, annexing a copy of the alleged assignment dated March 15, 1929, purporting to be an assignment thereof to John J. Walsh and Belle S. Davis. The notes held by the plaintiff were dated respectively April 28, 1925, and May 8, 1925, and both were payable on demand.

The trial judge found that the plaintiff is the holder of the notes in suit for a valuable consideration, that interest had been paid thereon to March 1, 1929, and that they were protested for nonpayment on June 19, 1928. He further found that the assignment annexed to the defendant's answer was executed on the date therein mentioned for valuable consideration, in the case of John J. Walsh for legal services rendered and to be rendered the defendant, and in the case of Davis for money loaned the defendant; and that the defendant had obtained an execution against the plaintiff in a stated sum which has not been satisfied in any part. He also found that there was no laches on the part of the plaintiff in asserting its rights and that the set-off asked for is necessary to protect the just rights of the plaintiff.

After these findings had been made, Mr. Walsh, counsel for the defendant filed a petition to intervene, alleging his employment and services as attorney for the defendant in the action brought against the plaintiff and seeking to establish a lien for expenses and counsel fees therein. He also with Belle S. Davis filed a petition to intervene, alleging the assignment on March 15, 1929, of the chose in action which the defendant then had against the plaintiff and asking that the plaintiff be ordered to pay to them the amount of the judgment rendered against it mentioned in the plaintiff's amended bill.

Thereafter the trial judge again heard the parties, but no further evidence was offered, the parties, however, agreeing that, if the judge should rule that Mr. Walsh by virtue of a lien had priority over the rights of the plaintiff, the parties would be given a further opportunity to introduce evidence on that question. He found that there was no waiver by the plaintiff of the demand made when the notes were protested for nonpayment on June 19, 1928, and that the parties entered into no new contract by which the notes were revived and renewed; " that interest was not paid thereon until September 28, 1929, but was paid to March 1, 1929 "; that " the date of the assignment " to the intervenors was " on the 15th day of March, 1929, a date later than the protest of the notes held by the plaintiff and also subsequent to the date of the last payment of interest." He ruled that the demurrer set up in the answer could not be sustained and that counsel had no lien for legal services and expenses that entitled him to priority over the claim of the plaintiff. By the terms of the final decree, from which the defendant appealed, the demurrer was overruled, the defendant enjoined from collecting its execution against the plaintiff, the intervening petitions were dismissed, the plaintiff's claim was established for a stated sum, and the judgment of the defendant against the plaintiff for a lesser sum was ordered to be deducted from the plaintiff's claim, execution to issue against the defendant for a specified sum

with costs as therein stated. The defendant, having proceeded to trial on the merits, waived its demurrer.

The acceptance by the attorney of the assignment referred to was inconsistent with any right he otherwise might have had to enforce his lien and is a waiver of it. See *Woods* v. *Verry*, 4 Gray, 357, 359; *Perivoliotis* v. *Eveleth*, 251 Mass. 444. The assignees of a nonnegotiable legal chose in action assigned in writing may maintain an action in their own name but subject to all defences and rights of counterclaim, recoupment or set-off to which the defendant would have been entitled had the action been brought in the name of the assignor. G. L. c. 231, § 5. *Dyer* v. *Homer*, 22 Pick. 253, 256. *Earnshaw* v. *Whittemore*, 194 Mass. 187. *Barnett* v. *Loud*, 226 Mass. 447.

If it be assumed that the set-off ordered in the case at bar could not have been insisted upon by the plaintiff as matter of right under the statute, still the trial judge had a right to decide in the exercise of a sound discretion that the order should be made. *Greene* v. *Hatch*, 12 Mass. 195, 197. *Chipman* v. *Fowle*, 130 Mass. 352, 354. *Perry* v. *Pye*, 215 Mass. 403, 413, 414. Upon the facts found no error appears in the decree.

*Decree affirmed with costs.*