Pettingell, P. J.
Action of contract in which the plaintiff seeks to recover for work done improperly by the defendant under a written contract which the parties agree was amended by a latter oral contract, the terms of which are not in agreement. The defendant filed a declaration in set-off for extra work done to which the plaintiff filed an answer that if any extra work was done it was done improperly.
The report refers to the written agreement between the parties 11 a copy of which agreement is annexed to the plaintiff’s declaration and marked ‘A’ ” and that “The pleadings are made a part of this report.” No pleadings are actually made a part of the report and the language quoted is apparently an attempt to incorporate the pleadings in the report by reference. But Rule 28 of the District Court Rules (1940 Ed.) Page 30, reads “Papers- on file in the case *12 may not be incorporated by reference except by permission of the Appellate Division”. No such permission appears to have been given in this case and we must decide it without the benefit of the pleadings and exhibits mentioned in the report.
The report states, also, that prior to the trial the trial judge took a view of the premises.
Briefly stated the report shows that the parties made a written contract by which the defendant was to do certain construction for the plaintiff for $750', that later the contract was orally amended to increase the size of the construction and the amount to be paid for it. The plaintiff contended that the extra work was to be done for $150 additional which amount the defendant disputed. The plaintiff produced testimony that the work was improperly done.
The plaintiff filed six requested rulings, viz:
“1. Upon all the evidence a finding for the plaintiff is warranted. 2. The plaintiff did everything required of him under the contract declared upon. 3. An offer to make good defective work or to finish work left undone under a contract, made after the beginning of suit, was not legally equivalent to a performance of the contract. Dodge v. Kimball, 203 Mass. 364. 4. The defendant failed to do plaster work on the office structure satisfactory to the reasonable man. Hawkins v. Graham, 142 Mass. 284. 5. It was competent by subsequent oral agreement to modify, change or annul the written contract. Lynch v. Culhane, 241 Mass. 219. Cummings v. Arnold, 3 Met. 486. Norwood v. Lathrop, 178 Mass. 208. Freedman v. Gordon, 220 Mass. 324. 6. The oral agreement to amend original contract for the additional $150'.00, included all the extra work which the defendant performed for the plaintiff. ’ ’
The trial judge made the following findings of fact:
“The Plaintiff and the Defendant had a written contract to do certain work for seven hundred fifty dollars *13 (750.00) . After the execution of this contract, the Plaintiff requested the Defendant to make certain changes in part of the construction called for under the written contract. The Defendant made these changes and also did extra work at the Plaintiff’s request. The fair value of the extra work done by the Defendant for the Plaintiff amounted to three hundred eighty-three dollars (383.00). The Plaintiff paid the Defendant eight hundred thirty-seven dollars and twenty-four cents (837.24). Of this amount sixty-seven dollars and twenty-four cents (67.24) should be credited to the balance of the extra work done by the Defendant at the request of the Plaintiff leaving a net amount of three hundred fifteen dollars and seventy-six cents (315.76) . The Defendant did all his work including plaster work in office in a satisfactory manner. There was no agreement between the Plaintiff and the Defendant whereby the extra work was to be done by the Defendant for the sum of one hundred fifty dollars (150.00) .
“The plaintiff duly submitted request (sic) for rulings of law. The Court allows rulings numbered 1, the evidence warrants but does not compel such a finding. The Court allows rulings numbered 2, 3, and 5. The Court denies rulings numbered 4 and 6, see Findings of Fact.
“In the above entitled action, the Court finds for the Defendant and on the declaration in set-off for original defendant and assesses damages in the sum of three hundred fifteen dollars and seventy-six cents (315.76) .
“This report contains all the evidence material to the questions reported.”
The plaintiff claiming to be aggrieved “by the Court’s findings, refusals to rule as requested on numbers 4 and 6, the case is reported to the Appellate Division.”
Findings of fact are not proper subjects of review. This is true of individual findings of fact. Dillon v. Framingham, 288 Mass. 511, at 513. Bresnick v. Heath, 292 Mass. 293, at 296. McDonald v. Adamian, 294 Mass. 187, at 190. *14 Dolham v. Peterson, 297 Mass. 479, at 481. James B. Rendle Co. v. Conley & Daggett, Inc., 313 Mass. 712. In the ordinary case, it is also true of a general finding for a party. Baker v. Davis, 299 Mass. 345, at 348, 349. This case is not within the “exceptional” rule of Leshefsky v. American Employers Insurance Co., 293 Mass. 164, at 166, 167, in which it was not true.
The only grievances stated in the report which are open to the plaintiff are the denials of the two requests, 4 and 6.
No. 4 is “The defendant failed to do plaster work on the office structure satisfactory to the reasonable man.”
No. 6 is “The oral agreement to amend original contract for the additional $150.00' included all the extra work which the defendant performed for the plaintiff”.
Each of these requests is for a finding of facts which the judge was not obliged to make. In each instance, however, he found specifically a fact inconsistent with the fact specified in the request. As to request 4 he found that “the Defendant did all his work including plaster work in office in a satisfactory manner”; as to request 6 he found that “there was no agreement between the Plaintiff and the Defendant whereby the extra work was to be done by the Defendant for the sum of one hundred fifty dollars ($150.-00)”. In view of these circumstances there was no prejudicial error in the denial of these rulings.
The plaintiff argues strenuously, however, one other contention which we do not think is open to him. He maintains that there is an inconsistency between the allowance of the second requested ruling to the effect that the plaintiff did everything required of him under the contract declared upon, and the denial of request No. 6.
Assuming that there is an inconsistency in the disposition of the two requests as the plaintiff contends, but not admitting it, the plaintiff is in no position to advance a *15 claim of error on this ground. In a consistent line of decisions, beginning with Duralith Corporation v. Leonard, 274 Mass. 377, at 401, and extending through DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 324; Low Supply Co. v. Pappacostopoulos, 283 Mass. 633, at 635; Korb v. Albany Carpet Cleaning Co., 301 Mass. 114, at 118; Caton v. Winslow Bros, and Smith Co., 309 Mass. 150, at 154; Memishian v. Phipps, 311 Mass. 521 at 525, and Langdoc v. Gevaert Co. of America, 315 Mass. 8, at 12, the Supreme Judicial Court has held that an inconsistency between findings of fact, or between a finding of fact and a general finding is not the proper subject of a report, the primary remedy being a motion for a correction of the general finding or a motion for a new trial. Proper requests for rulings at the hearing of such a motion opens the way to the Appellate Division.
No prejudicial error appearing, the report is to be dismissed.